Lane v. Faust

---

BRYTE ELAM LANE AND HUSBAND, GUY F. LANE v. HELEN BEN-
NETT FAUST, WIDOW, HELEN FAUST LLEWELLYN, WIDOW,
JACK MARTINDALE FAUST, AND ISAAC HENRY FAUST

No. 7019SC524

(Filed 16 September 1970)

1. Quieting Title § 2— burden of proof
    In an action to remove cloud from title to real property, the burden is on plaintiff to prove good title either against the whole world or against the defendant by estoppel.

2. Quieting Title § 2— actions
    In an action to remove cloud from title to real property, the trial judge erred when, upon consideration of plaintiffs' evidence alone and without permitting the defendants to introduce any evidence, he took the case from the jury and rendered judgment for the plaintiffs, who bore the burden of proof.

---

Lane v. Faust

---

APPEAL by defendants from `Long, J.,` 4 May 1970 Civil Session of RANDOLPH Superior Court.

This is a civil action to remove cloud from title to real property. Plaintiffs filed complaint 25 February 1969 alleging that the *feme* plaintiff is the owner of a described tract of land in which defendants assert some interest. Plaintiffs asked that defendants' claims be adjudged invalid and that *feme* plaintiff be adjudged the fee simple owner. Defendants answered, denying *feme* plaintiff's ownership and in a counterclaim alleging they were fee simple owners and asking that they be so adjudged. Plaintiffs replied and denied the allegations as to ownership in the counterclaim.

The case came to trial before judge and jury at the 4 May 1970 session of the Superior Court held in Randolph County. Plaintiffs introduced in evidence a stipulation of the parties that the property in question was owned in fee simple by Isaac H. Faust upon his death on 22 November 1938. Plaintiffs also introduced in evidence the will of Isaac H. Faust, the probate proceedings relating thereto, and recorded deeds which would vest in the *feme* plaintiff such title as the widow of Isaac H. Faust received and could convey under the terms of his will. The court then granted plaintiffs' motion for judgment against the defendants "without the intervention of a jury" and signed judgment adjuding defendants' claims in the lands to be invalid and adjudging *feme* plaintiff to be the fee simple owner.

Defendants excepted to this judgment and appealed.

*Adam W. Beck for plaintiff appellees.*

*John Randolph Ingram for defendant appellants.*

PARKER, J.

[1, 2] In an action to remove cloud from title to real property the burden is on plaintiff to prove good title either against the whole world or against the defendant by estoppel. *Walker v. Story,* 253 N.C. 59, 116 S.E. 2d 147. In the case before us the trial judge, upon consideration of plaintiffs' evidence alone and without permitting the defendants to introduce any evidence, took the case from the jury and rendered judgment for the plaintiffs, who bore the burden of proof. In this there was error.

From the record it appears that both parties claim to derive title through provisions of the will of Isaac H. Faust, deceased. (Plaintiffs, in addition, assert title by adverse possession, but

Lane v. Faust

no question relative to this claim is presented on this appeal.) The trial court, considering plaintiffs' evidence alone and without giving defendants any opportunity to present evidence, concluded as a matter of law that the will of Isaac H. Faust conferred upon his widow the right to sell the subject property, that by her conveyance she had vested fee simple title in her grantees, and that they in turn had subsequently conveyed to the *feme* plaintiff. On these conclusions of law, the court granted plaintiffs' motion for "judgment without the intervention of the jury," and adjudged title in the *feme* plaintiff.

It may well be, as appellees now contend, that this case could have been disposed of by summary judgment under Rule 56 of the Rules of Civil Procedure, G.S. 1A-1, and that the same result would have been reached. However, no motion for summary judgment was made and the trial court did not arrive at its judgment by that route. Had such a motion been made in apt time prior to trial and defendants been given notice thereof as required by Rule 56, defendants would have been afforded the opporunity to present in affidavit form such evidence as they could muster to support their claims. If, when so presented, their evidence should prove to be incompetent or otherwise insufficient and the pleadings and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that plaintiffs are entitled to a judgment as a matter of law, summary judgment for plaintiffs would be appropriate. But this did not occur in the present case and defendants have been denied all opportunity even to present their evidence.

Had it been proper for the trial court to consider plaintiffs' evidence alone, its conclusions and judgment may have been correct. The error lay in denying defendants any opportunity to present their evidence, either for consideration by the court upon a motion for summary judgment prior to trial or for consideration by the jury upon the trial. Whether defendants will be able to present any competent evidence in support of their position can only be determined when they have been afforded an opportunity to do so. By denying them that opportunity, the trial court simply moved too fast too soon and thereby committed error.

The judgment appealed from is reversed and the case is remanded for a

New trial.

MALLARD, C.J., and HEDRICK, J., concur.