GLENN E. KETNER v. CHARLES I. ROUZER, TRUSTEE, AND CHARLES I. ROUZER, INDIVIDUALLY, AND WIFE, FRANCES LOWE ROUZER; H. ALLAN ROUZER, JR. AND WIFE, MARY R. ROUZER; MARION F. JARRELL AND WIFE, JUANITA D. JARRELL; THOMAS G. THURSTON AND WIFE, SUSAN F. THURSTON, AND J. HAYDEN LINGLE AND WIFE, BLENNA H. LINGLE, CESTUIS QUE TRUST

No. 7119SC173

(Filed 23 June 1971)

1. Rules of Civil Procedure § 56— summary judgment — notice to plaintiff

The hearing of defendants' motion for summary judgment without at least 10 days' notice to the plaintiff was reversible error. G.S. 1A-1, Rule 56(c).

2. Trusts § 13— parol trust in land — statute of frauds

The provision of the English Statute of Frauds which requires all trusts in land to be manifested in writing has not been adopted in this State.

3. Trusts § 13— parol trust — sufficiency of evidence

Evidence of the establishment of a parol trust is required to be clear, cogent, and convincing; a mere preponderance of the evidence is not sufficient.

4. Trusts § 13— allegations of parol trust in land — claim for relief — sufficiency of allegations

Plaintiff's allegations (1) that, during negotiations for the sale of school property, he offered to refrain from bidding on the property on condition that the defendant would sell two portions of the property to plaintiff if the defendant became the successful bidder of the property and (2) that the defendant agreed to the proposal and became the successful bidder but has since refused to convey the two portions in question to the plaintiff, *held* sufficient to give notice of transactions and occurrences which might support a finding that a valid parol trust in the two portions had been established. G.S. 1A-1, Rule 8(a).

APPEAL by plaintiff from *Gambill, Judge,* October 1970 Civil Session of Superior Court held in ROWAN County.

Plaintiff filed complaint in which he alleged: Prior to 15 November 1968 the Salisbury City Board of Education was the owner of a certain tract of land in the City of Salisbury. On 2 March 1968 the Board authorized its Building Committee to negotiate a sale or to hold another public auction for the property. Paragraphs 5 and 6 of the complaint are as follows:

"5. That in June or July 1968 the Building Committee of Salisbury City Board of Education negotiated a sale of said property with deed subsequently made to Charles I. Rouzer, Trustee; that at the meeting culminating in the negotiated sale of said property a number of potential purchasers including plaintiff and defendant, Charles I. Rouzer, were present and submitted bids on the aforesaid property; that during this period of negotiation, plaintiff approached defendant, Charles I. Rouzer, and offered to refrain from further participation in the sales negotiation provided that if defendant, Charles I. Rouzer, did in fact purchase the property he would sell and convey to plaintiff for the sum of Twenty Thousand ($20,000.00) Dollars either of two portions of the property hereinafter described. That defendant, Charles I. Rouzer, did accept such proposal, did promise plaintiff to convey one of the two hereinafter described tracts to plaintiff for the price of Twenty Thousand ($20,000.00) Dollars if he succeeded in purchasing the property. That the alternate tracts of land agreed upon by plaintiff and defendant, Charles I. Rouzer, are described as follows: (The two tracts of land are then described by metes and bounds.)

"6. That on the date and at the place of said negotiations as aforesaid, relying on the representations of the defendant, Charles I. Rouzer, the plaintiff refrained from further bidding and thereupon defendant, Charles I. Rouzer, became the successful bidder and on the 15th day of November 1968, the Salisbury City Board of Education conveyed to Charles I. Rouzer, Trustee, the property described in Paragraph 3 of this Complaint and said deed has been duly recorded in the Office of the Register of Deeds for Rowan County in Deed Book 539, page 501, and legal title to said property remains in Charles I. Rouzer, Trustee, as of the date of filing this suit, and Charles I. Rouzer, Trustee, remains in possession of said property."

In his complaint plaintiff further alleged that defendant Rouzer, Trustee, holds the record title to the property for the benefit of Rouzer, individually, and other named defendants as *cestuis que* trust; that prior to commencement of this action plaintiff had demanded of defendant Rouzer that he execute and deliver to plaintiff a deed conveying either of the two parcels of land

mentioned in Paragraph 5 of the complaint and had offered to defendant Rouzer the sum of $20,000.00 "as agreed for the property"; and that plaintiff is now ready, willing and able to pay said sum, but defendant Rouzer has refused to convey either of said premises to the plaintiff.

In the prayer for relief, plaintiff demanded judgment:

"1. That the defendant, Charles I. Rouzer, Trustee, be decreed to be a Trustee of either tract of real property described in Paragraph 5 of this Complaint and to hold title thereto for the benefit of the plaintiff;

"2. That the defendant, Charles I. Rouzer, Trustee, be ordered and decreed to convey either tract of real property described in Paragraph 5 of this Complaint to the plaintiff in fee simple upon payment to Charles I. Rouzer as Trustee the sum of Twenty Thousand ($20,000.00) Dollars by the plaintiff."

Defendants moved under G.S. 1A-1, Rule 12(b)(6) to dismiss the action because the complaint failed to state a claim against them upon which relief could be granted. This motion was denied by order dated 26 January 1970, signed by Judge George R. Ragsdale, Judge of the Superior Court.

Defendant Rouzer then filed answer in which he alleged that the Building Committee of the Salisbury City Board of Education "held an open session to negotiate a sale of said property and a number of potential purchasers were present and at the request of those bidders present oral bids were made on said property; that during the period of negotiation the plaintiff approached the defendant Charles I. Rouzer, and offered to refrain from further participation in the sales negotiations if Charles I. Rouzer would sell and convey to plaintiff a tract out of said property if he did in fact purchase the property; that defendant Charles I. Rouzer would not accept such proposal and did not promise to convey any land to the plaintiff under any conditions or circumstances." Defendant Rouzer denied he had made any representation to plaintiff to cause plaintiff to refrain from any further bidding but admitted that he had become the successful bidder and had received a deed to the property. He also admitted that he held title for the use and benefit of himself, individually, and for the other named defendants, and that plaintiff had demanded he execute and deliver a deed

conveying to plaintiff one of the two parcels mentioned in Paragraph 5 of the complaint, but denied he had ever promised to convey any land to plaintiff on any terms or conditions.

The remaining defendants also filed answer in which they alleged they were informed and believe that defendant Rouzer did not promise to convey any land to plaintiff under any conditions or circumstances. In a further answer these defendants alleged that defendant Rouzer was acting as agent for himself and for them and that as such agent he had no authority to make any arrangements for the sale of any of the property. These defendants also alleged that if any agreement was made as alleged in the complaint, it was not in writing as required by the Statute of Frauds, it was not supported by any valid consideration, and would be against public policy and unenforceable.

The case was calendared for trial in October, 1970. A pretrial conference was held with the presiding judge in chambers, at the conclusion of which the following judgment was entered:

"THIS CAUSE, coming on to be heard and being heard before the undersigned, Robert M. Gambill, Judge Presiding at the October, 1970 term of the Rowan County Superior Court, and it appearing that this is an action brought by the Plaintiff seeking to enforce an alleged parol contract between the Plaintiff and the Defendant, Charles I. Rouzer; and it appearing to the Court from the Complaint that the Salisbury City Board of Education was the owner of certain real estate that was unnecessary for school purposes and said real estate was to be sold at public auction, and when sold the price was not adequate and the school board met with several proposed purchasers to attempt to negotiate a sale and during said meeting, at a recess, the Plaintiff approached the Defendant, Charles I. Rouzer and offered to refrain from further bidding if the Defendant, Charles I. Rouzer would convey a certain strip of land to the Plaintiff if said Defendant, Charles I. Rouzer was the successful bidder.

"A prior motion was filed in this cause to dismiss the action against the Defendants because the Complaint failed to state a claim against them upon which relief could be granted (Rule 12(b)(6)). Said Motion was denied on January 26, 1970, by George Ragsdale, Jr., Judge Presiding

---
**Ketner v. Rouzer**
---

(a copy of said Motion and Order being attached hereto marked Exhibits A and B respectively).

"At the pre-trial hearing of this case it was stipulated that the Plaintiff's testimony and evidence would be as set out in the Complaint. Thereupon the Defendants move for Summary Judgment under Rule 56(b) of the rules of Civil Procedure.

"The court being of the opinion and finding as a fact that there was no promise in writing as required by the Statute of Frauds and no consideration for the alleged contract except the offer to refrain from further bidding which is an illegal consideration and against public policy;

"The court also holds that the seller is entitled to get the highest price for his property and in this case the seller, being a public body, was under a duty to get the highest amount for the property being sold and a Board of Education cannot participate in any agreement among purchasers that would tend to suppress bidding on the property, but it is under a duty to follow the Statutory requirements for said sale.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the action be dismissed.

"This the 26 day of October, 1970.

"s/ Robert M. Gambill
"Judge Presiding"

From this judgment, plaintiff appealed.

*Burke & Donaldson by George L. Burke, Jr., for plaintiff appellant.*

*Woodson, Hudson & Busby by Max Busby for defendant appellees.*

PARKER, Judge.

[1]  Rule 56 of the Rules of Civil Procedure, G.S. 1A-1, Rule 56, relating to summary judgments, contains the following:

"RULE 56. SUMMARY JUDGMENT.

\* \* \* \* \*

"(b) *For defending party.*—A party against whom a claim, counterclaim, or crossclaim is asserted or a declaratory judgment is sought, may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) *Motion and proceedings thereon.*—The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. . . ."

In this case defendants' motion for summary judgment was not served on plaintiff "at least 10 days before the time fixed for the hearing" as required by Rule 56(c). It was made without any prior notice during the course of the pretrial hearing at which the summary judgment dismissing plaintiff's action was rendered. Plaintiff's stipulation made at that hearing to the effect that his testimony and evidence "would be as set out in the Complaint" did not constitute a waiver of the requirement of Rule 56(c) that the motion for summary judgment *"shall* be served at least 10 days before the time fixed for the hearing." There is, we think, a sound reason for the mandatory form in which the 10-day requirement is expressed in the Rule.

[2, 3] In the summary judgment appealed from the trial judge determined, solely on the basis of the complaint and plaintiff's stipulation that his evidence would be "as set out in the complaint," that plaintiff's action is one to enforce an alleged parol contract for conveyance of land. As such, the trial judge found it unenforceable on two grounds: first, because there was no promise in writing as required by the Statute of Frauds, and second, because there was no consideration for the alleged contract except the offer to refrain from further bidding, which the court found to be an illegal consideration and against public policy. It is possible, however, that if plaintiff is given the opportunity, which proper notice of the motion for summary

Ketner v. Rouzer

judgment would provide, he might by affidavit develop more fully the facts as to what actually occurred, and the facts so developed might support a different theory of the case. North Carolina has never adopted the Seventh Section of the English Statute of Frauds which requires all trusts in land to be manifested in writing. *Bryant v. Kelly,* 279 N.C. 123, 181 S.E. 2d 438, (Opinion filed 10 June 1971). "[I]t is uniformly held to be the law in this State that where one person buys land under a parol agreement to do so and to hold it for another until he repays the purchase money, the purchaser becomes a trustee for the party for whom he purchased the land, and equity will enforce such an agreement." *Paul v. Neece,* 244 N.C. 565, 94 S.E. 2d 596; *Hare v. Weil,* 213 N.C. 484, 196 S.E. 869. Moreover, a parol trust "does not require a consideration to support it. If the declaration is made at or before the legal estate passes, it will be valid even if in favor of a mere volunteer." *Hare v. Weil, supra.* Evidence of the establishment of a parol trust is required to be clear, cogent, and convincing; a mere preponderance of the evidence is not sufficient. *Bryant v. Kelly, supra.*

[4]   Under G.S. 1A-1, Rule 8(a), a pleading which sets forth a claim for relief shall contain (1) "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, and (2) [a] demand for judgment for the relief to which he deems himself entitled." When the allegations of the complaint in this case are liberally construed, they give notice of transactions and occurrences which, when more fully developed at some evidentiary stage of this lawsuit, might support a finding that a valid parol trust had been established. The prayer for relief in plaintiff's complaint is consistent with this theory of his case; he expressly demanded judgment that defendant Rouzer be decreed a trustee to hold title for his benefit.

As to the second grounds on which the trial court dismissed plaintiff's action, while "[i]t is well established in this and other jurisdictions that a contract to stiffle or to puff bidding at a public sale at auction is *contra bonos mores* and will not be enforced at the suit of either party," *Martin v. Underhill,* 265 N.C. 669, 144 S.E. 2d 872, it is not certain that such was the nature of the transactions referred to in the complaint. It is

possible, as plaintiff now contends on this appeal, that the effect of those transactions was to increase rather than to diminish bona fide competitive bidding for the property; that plaintiff was less interested in acquiring the whole of the tract being sold than in acquiring a small portion thereof adjoining lands he already owns for which he would pay a good price; and that his proposal to defendant Rouzer had the effect of increasing the latter's ability to bid to the extent of $20,000.00. Here, again, plaintiff is entitled to the opportunity, which compliance with the 10-day notice provision of Rule 56(c) would provide, to develop the facts more fully.

Because it was entered without prior notice of the motion as required by Rule 56(c), the judgment appealed from is

Reversed.

Chief Judge MALLARD and Judge VAUGHN concur.