Lane v. Faust

---

BRYTE ELAM LANE AND HUSBAND, GUY F. LANE v. HELEN BEN-NETT FAUST, WIDOW; HELEN FAUST LLEWELLYN, WIDOW; JACK MARTINDALE FAUST AND ISAAC HENRY FAUST

No. 7119SC233

(Filed 14 July 1971)

**Wills § 40— devise with power of disposition**
    The trial court properly determined that under the terms of testator's will, his widow could convey a fee simple title to the property in question after her remarriage.

APPEAL by defendants from *Long, Judge,* October-November 1970 Civil Session of Superior Court held in RANDOLPH County.

Plaintiffs seek to have any claims of defendants to the lands described in the complaint declared invalid and judgment that plaintiff Bryte Elam Lane is the fee simple owner thereof. Defendants deny that the plaintiff Bryte Elam Lane is the fee simple owner and assert by way of counterclaim that the defendants, as legal heirs of Jack Faust, are the rightful owners in fee simple of the property in question.

Under date of 14 October 1970, plaintiffs gave notice to defendants' counsel that they would move at the October-November 1970 Session of Superior Court held in Randolph County to dismiss the counterclaim for failure to state a claim upon which relief could be granted pursuant to Rule 12 and for summary judgment in their favor pursuant to Rule 56 of the Rules of Civil Procedure.

After the hearing the trial judge entered the following judgment:

"This cause coming on to be heard before the undersigned Judge Presiding at the October-November, 1970, Civil Session of the Superior Court of Randolph County, upon motion of the plaintiff to dismiss and for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure and upon the motion of defendants to continue said hearing so that the same might be heard at a later time and before another Presiding Judge; and it appearing to the Court that the motion for summary judgment, by exhibits, contained sundry stipulations of the parties, sundry documents pertaining to the real estate involved in this matter, including the will of the late I. H. Faust, being Exhibit 2 of plaintiffs' motion, together with affidavits supporting the contentions of the plaintiffs in respect to their possession of the subject property; and that the defendants filed an answer to said motion on the date of the hearing of the same, to which was attached an affidavit of DeEtte Bennett Ingram in respect to certain conversations between the affiant, the late I. H. Faust; Jack Faust and his wife, Helen Bennett Faust, and subsequently filed an affidavit setting forth the birth date of Isaac Henry Faust, one of the defendants, and stating that Jack Faust was under a disability from 1954 until the date of his death in 1956.

WHEREUPON, the Court upon consideration of the verified pleadings and such of the pertinent exhibits and affidavits as were competent for the consideration of the Court in this matter, concludes as a matter of law that the Last Will and Testament of I. H. Faust, as appears in the record as Exhibit 2 to plaintiffs' motion, conferred upon Rosa Petty Faust the right and privilege to sell and dispose of the subject real estate, either publicly or privately, and that the conveyance by her and her then spouse to W. A. Elam and wife, Georgia Parker Elam, as appears in Exhibit 4 to the motion, vested in said grantees a fee simple interest in the property described and that the subsequent conveyance of W. A. Elam and wife, Nettie Moon Elam, to Bryte Elam Lane, as appears in Exhibit 5 to said motion, vested in said grantee the fee simple interest

therein; and that the character of possession of said property by plaintiffs under the deed to Bryte Elam Lane has been adverse to the defendants for a period of time sufficient to vest in her the title to said premises under the applicable adverse possession statutes:

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

(a) That the motion of the defendants for a continuance of the hearing on this motion for summary judgment be and the same hereby is denied in the discretion of the Court;

(b) That the motion of the plaintiffs for summary judgment under Rule 56 of the Rules of Civil Procedure be and the same hereby is allowed;

(c) That all claims to estates and interests in said lands by or on behalf of defendants be and they hereby are adjudged invalid and of no effect;

(d) That the plaintiff, Bryte Elam Lane, be and she hereby is adjudged to be the fee simple owner of the lands described in the complaint and as described in Evidentiary Exhibit 5; and

(e) That the costs of this action be taxed against the defendants."

From the entry of the judgment, the defendants appealed to the Court of Appeals, assigning error.

*Miller, Beck & O'Briant by G. E. Miller for plaintiff appellees.*

*John Randolph Ingram and Brown, Brown & Brown for defendant appellants.*

MALLARD, Chief Judge.

This case has been heard by this court before. The opinion is reported in 9 N.C. App. 427, 176 S.E. 2d 381 (1970). On that appeal it was held that it was error, in this action to remove a cloud from title, for the trial judge to take the case away from the jury and enter judgment in favor of plaintiffs,

who had the burden of proof, without permitting the defendants to introduce any evidence.

The judgment on this appeal was entered after notice and after the hearing on plaintiffs' motion for summary judgment under Rule 56. At this hearing the parties offered their evidence and made certain stipulations. When the evidence and stipulations are considered, it is apparent that there are no disputed material issues of fact in this case. The principal legal question arises as to whether Rosa Petty Faust in 1942, under the terms of the will of I. H. Faust, deceased, and after her marriage to Jacob Long, could convey a fee simple title to the lands in question.

The pertinent provisions of the will are:

"I give devise and bequeath to my beloved wife Rosa Petty Faust all my property real and personal including all chattels, insurance, lands or property of any kind whatsoever to be used for her benefit or the benefit of our beloved foster son Jack Faust in whatsoever way to her seems best with the right and privilege to dispose of any or all of the personal property or real estate either privately or at public auction, should she my said wife deem it best for her own or the welfare of our foster son, Jack Faust.

It is my will that my beloved wife shall at any time she thinks best after our foster son, Jack Faust, reaches the age of twenty one years deed or give to him any part of our estate she deems proper and that after the death of my said wife Rosa Petty Faust all the residue of my estate both real and personal shall become the property of our said foster son Jack Faust to have and to hold to him, his heirs and assigns for ever."

When the appropriate basic rules of law are properly applied, we hold that the trial judge did not commit prejudicial error in entering the judgment in this case.

Affirmed.

Judges PARKER and VAUGHN concur.