ALICE LUCILLE CRAVEN BRITT AND HUSBAND, OSSIE GERMAN BRITT, AND IDA LEOLA CRAVEN BRISTOW v. GARLAND W. ALLEN

No. 7119SC551

(Filed 15 September 1971)

1. Rules of Civil Procedure § 56— summary judgment on court's own motion — notice of hearing
   Order allowing summary judgment in favor of defendants is reversed where the judgment was entered on the court's own motion and plaintiffs were not given at least 10 days' notice before the time fixed for the hearing as required by G.S. 1A-1, Rule 56(c).

2. Appeal and Error § 10; Rules of Civil Procedure § 56— motion for summary judgment made on appeal — jurisdiction of Court of Appeals
   The Court of Appeals has no jurisdiction to entertain a motion for summary judgment made for the first time on appeal. N. C. Constitution, Art. IV, § 12(2); G.S. 7A-26.

APPEAL by plaintiffs from *Gambill, Judge,* at the 5 April 1971 Session of RANDOLPH Superior Court.

Plaintiffs instituted this action on 25 April 1969 seeking to recover $30,000. A demurrer filed by defendant under the former

practice was overruled on 3 October 1969. Defendant then filed answer denying the material allegations of the complaint and asserting certain affirmative defenses.

The case was calendared to be tried on 12 April 1971. On 8 April 1971 the court entered judgment which is summarized as follows: This action came on to be heard at pretrial conference. From court records presented and statements of counsel made at the time, the court found and concluded that prior to the institution of this action, plaintiffs instituted an action against several parties including defendant herein; that in said previous action plaintiffs submitted to judgment of voluntary nonsuit as to defendant and then instituted this separate action against defendant; that the other action involved the same subject matter as this action and has been terminated adversely to plaintiffs; that plaintiffs have not paid the costs in the other action; that the other action is *res judicata* to this action; that this action is barred by the statute of frauds. The present action was "dismissed with prejudice and judgment as of nonsuit" with plaintiffs to pay all costs.

Duly excepting to the procedure followed, the findings of fact and conclusions of law, and the entering of the judgment, plaintiffs appealed to this court.

*Ottway Burton for plaintiffs appellants.*

*Moser and Moser by Thad T. Moser for defendant appellee.*

BRITT, Judge.

[1]  Although not designated as such, the judgment appealed from amounted to a summary judgment. Rule 56 of the Rules of Civil Procedure, G.S. 1A-1, Rule 56, relating to summary judgments, provides in pertinent part as follows: * * * "A party against whom a claim, counterclaim, or cross claim is asserted or a declaratory judgment is sought, may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof. * * * The motion shall be served at least 10 days before the time fixed for the hearing."

In the instant case defendant made no motion for summary judgment in the superior court; the record indicates that the judgment was entered on the court's own motion. Not only did defendants fail to move for summary judgment but plaintiffs

were not given at least 10 days' notice before the time fixed for the hearing as required by Rule 56(c). Since the procedure prescribed by Rule 56 was not followed, the judgment appealed from is erroneous. *Ketner v. Rouzer,* 11 N.C. App. 483, 182 S.E. 2d 21 (1971). *Lane v. Faust,* 9 N.C. App. 427, 176 S.E. 2d 381 (1970).

[2] Plaintiffs' motion for summary judgment in this court is denied. Article IV, Sec. 12(2) of the Constitution of North Carolina provides that the Court of Appeals shall have such *appellate* jurisdiction as the General Assembly may prescribe. G.S. 7A-26 provides that "(t)he Supreme Court and the Court of Appeals respectively have jurisdiction *to review upon appeal decisions of* the several courts of the General Court of Justice and of administrative agencies, upon matters of law or legal inference, in accordance with the system of appeals provided in this article." (Emphasis added.) Motions for summary judgment are properly heard in the trial courts.

For the reasons stated, the judgment appealed from is reversed and this cause is remanded to the superior court.

Reversed and remanded.

Judges MORRIS and PARKER concur.