In re Will of Edgerton

IN THE MATTER OF: THE WILL OF E. C. EDGERTON, SR., DECEASED

No. 754SC284

(Filed 2 July 1975)

**Rules of Civil Procedure § 56— hearing on motions for summary judgment — failure to give 10 days' notice**

Where the executrix and executors filed a motion asking the clerk to dismiss a caveat to the will in question, the clerk transferred the motion to the superior court judge, the judge allowed movants' oral requests to amend their motions to dismiss to show that they were proceeding under Rule 12(b)(1),(2) and (6) and Rule 56, and the court conducted a hearing in which oral testimony was allowed, thereby converting the motions to dismiss into motions for summary judgment, the trial court erred in hearing the motions without first giving caveator 10 days' notice prior to such hearing.

APPEAL by caveator from *Walker, Judge.* Judgment entered 4 December 1974 in Superior Court, SAMPSON County. Heard in the Court of Appeals 10 June 1975.

This is a caveat proceeding instituted by E. C. Edgerton, Jr., (hereinafter sometimes referred to as caveator) to have set aside the purported last will and testament of E. C. Edgerton, Sr. Caveator appeals from judgment dismissing the caveat on the ground that caveator did not have proper standing to contest the purported will.

The proceedings are summarized in pertinent part as follows:

(1) Testator died on 30 December 1973 and on 7 January 1974 his widow (Mrs. Edgerton) caused to be probated in common form a paper writing dated 20 August 1973 purporting to be his last will and testament. Under the purported will Mrs. Edgerton was given one-third of the net estate, modest provision was made for a sister of testator, but the greater part of the estate was left in trust for the use and benefit of the North Carolina Yearly Meeting of the Religious Society of Friends (Society of Friends) and certain of its programs, a local Quaker church and the Salvation Army. No provision was made for caveator, a son of the testator.

(2) On 18 September 1974 E. C. Edgerton, Jr., filed a caveat to the purported will, alleging lack of mental capacity on the part of testator and undue influence. The clerk thereupon

issued appropriate orders and citations required by law and the citations were duly served on all parties having an interest in the estate.

(3) On 2 October 1974 Mrs. Edgerton, Ed Mendenhall, and Scott Parker, who had qualified as executrix and executors of the estate, filed a motion asking that the caveat be dismissed for the reason that caveator did not have standing under G.S. 31-32 to file a caveat. Attached to the motion as an exhibit is a paper writing bearing date of 9 May 1973, purportedly signed by caveator, in which writing the movants claim caveator renounced and released all rights in his father's estate. On 15 October 1974 the Society of Friends filed a similar motion. Notices were issued and served advising caveator and others interested in the estate that movants would make their motions to dismiss before the Clerk of Superior Court of Sampson County at 10:00 a.m. on 17 October 1974.

(4) On 15 October 1974 the Society of Friends filed an answer to the caveat, pleading several defenses, including the paper writing purportedly signed by caveator.

(5) On 16 October 1974, the clerk, on his own motion, entered an order determining as a matter of law that the motion to dismiss filed by the executrix and executors must be passed on by a judge of the superior court for that the filing of the caveat immediately transferred the proceeding to the superior court. The clerk ordered that the motion be heard "by the Judge Presiding at the next ensuing term of the Superior Court of Sampson County to be held on November 11, 1974 at 10:00 a.m. o'clock, subject to any motion hereinafter filed by any party for a change in said time."

(6) On 18 October 1974 the executrix and executors filed an answer to the caveat, pleading several defenses including the paper writing purportedly signed by caveator.

(7) On 7 November 1974 caveator filed a response to the 2 October 1974 motion to dismiss. In his response, caveator alleged, among other things, that the paper writing dated 9 May 1973 does not constitute a valid release or renunciation of any rights which he might have in the estate.

(8) When the cause came on for hearing (evidently on 11 November 1974), upon oral requests of the movants the court allowed them to amend their motions to dismiss to show that

the motions were made "pursuant to the provisions of Rule 12(b)(1), (2) and (6) and Rule 56, Rules of Civil Procedure, G.S. 1A-1, and any and all other applicable rules." Caveator moved for a continuance of the hearing until another session of the court for the reason that, among others, attorneys for the caveator had not had sufficient time to prepare for a hearing. The court denied the motion to continue until a subsequent session but, in its discretion, postponed the hearing until 14 November 1974.

(9) At the hearing (evidently conducted on 14 November 1974), movants introduced three witnesses, including Mrs. Edgerton, whose testimony related primarily to the circumstances surrounding the execution of the alleged release by caveator. Caveator objected to all evidence presented by movants and offered no evidence. Upon the pleadings filed and evidence offered, the court entered judgment finding numerous facts, concluding that caveator had released and renounced any and all rights "which he might have as a prospective heir of" testator and that he did not have proper standing to caveat the will, and ordering that the caveat be dismissed.

Caveator appealed.

*McLeod & McLeod, by Max E. McLeod, and W. A. Johnson, for caveator appellant.*

*Bryan, Jones, Johnson, Hunter & Greene, by Robert C. Bryan, and Haworth, Riggs, Kuhn & Haworth, for propounders appellee.*

BRITT, Judge.

Caveator contends that by allowing the movants to amend their motions and then conducting a hearing in which oral testimony was allowed, the trial court converted the motions to dismiss into motions for summary judgment, and that the court erred in hearing the motions without providing caveator with sufficient notice or time to prepare for the hearing. We think the contention has merit.

There is nothing in the record to show that when caveator appeared in superior court on 11 November 1974 that there was anything before the court except the motion filed by the executrix and executors asking the clerk to dismiss the caveat, which motion, on the clerk's initiative and over the objection of mov-

In re Will of Edgerton

ants and caveator, was transferred to the judge for hearing. In fact, the record does not disclose that the motion to dismiss filed by the Society of Friends was ever transferred from the clerk. It is our view that 11 November 1974, when the court evidently allowed movants' oral requests to amend their motions to dismiss to show that they were proceeding under Rule 12(b)(1), (2) and (6) and Rule 56, was the earliest date that caveator had notice of any motion for summary judgment. G.S. 1A-1, Rule 56(c) expressly provides for at least 10 days' notice of the date set for the hearing on a motion for summary judgment.

Our Supreme Court has stated several times that ". . . [s]ince this rule provides a somewhat drastic remedy, it must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue . . . . " *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823 (1971); *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 191 S.E. 2d 683 (1972); *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972); and *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972). *See also* J. Sizemore, General Scope and Philosophy of the New Rules, 5 Wake Forest Intra. L. Rev. 1, 27 (1969).

By receiving oral testimony, the trial court clearly proceeded under Rule 56 and caveator was not given proper notice. G.S. 1A-1, Rule 12(b). For that reason, the judgment must be vacated.

We express no opinion as to the merits of the caveat or the validity of the writing purportedly signed by caveator. Under proper circumstances the validity and effect of the writing might be tested by motion for summary judgment.

The judgment is vacated and the cause is remanded for further proceedings.

Judges HEDRICK and MARTIN concur.