ZIMMERMAN'S DEPARTMENT STORE, INC. v. SHIPPER'S FREIGHT LINES, INC. AND BOB BARE, INDIVIDUALLY

No. 8319DC369

(Filed 3 April 1984)

**Rules of Civil Procedure § 56.1— summary judgment motion—untimely—ruling improper**

Where the recitals of the trial court in its order granting summary judgment to defendant indicated that the motion for summary judgment was made orally, "in open court," immediately following the final pre-trial conference, and where the record clearly indicated that plaintiff had identified eight persons as potential witnesses to be offered at trial, and that plaintiff contended there were six contested issues which should be submitted to the jury, the trial judge erred in entering summary judgment for the defendant without affording plaintiff the opportunity of the mandatory ten day notice requirement in G.S. 1A-1, Rule 56(c).

APPEAL by plaintiff from *Montgomery, Judge.* Judgment entered 2 November 1982 in District Court, ROWAN County. Heard in the Court of Appeals 6 March 1984.

This is a civil action wherein plaintiff seeks to recover actual and punitive damages arising out of defendant Shipper's Freight Lines' alleged failure to ship certain merchandise delivered to it by plaintiff and for defendant Bob Bare's alleged wrongful conversion of a portion of the same merchandise. The record before us contains the following:

1. Complaint

2. Answer

3. Interrogatories from Defendants to Plaintiff, and Plaintiff's Answers

4. Interrogatories from Plaintiff to Defendants, and Defendants' Answers

5. Order on Final Pre-Trial Conference

6. Summary Judgment

7. Attachments to Record on Appeal, consisting of Eight Documents.

From summary judgment for defendants, plaintiff appealed.

*Ketner & Rankin, by David B. Post, for plaintiff, appellant.*

*Kluttz, Hamlin, Reamer, Blankenship & Kluttz, by Richard R. Reamer, for defendants, appellees.*

HEDRICK, Judge.

We first note plaintiff's failure to comply with Rule 28, North Carolina Rules of Appellate Procedure, with respect to preparation of its brief. We also note that the trial judge made detailed findings of fact, which are unnecessary and often inappropriate in ruling on a motion for summary judgment. The recitals of the trial court in its order indicate that the motion for summary judgment was made orally, "in open court," immediately following the final pre-trial conference. Indeed, the "Order on Final Pre-Trial Conference" states:

10. There are no pending motions, and neither party desires further amendments to the pleadings except amendment alleging set-off for amount paid; defendants' Motion to Dismiss punitive damages or force election; defendants' Motion to Strike; defendants' Motions about insurance evidence.

N.C. Gen. Stat. Sec. 1A-1, Rule 56(c) in pertinent part provides: "The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits." Failure to comply with

this mandatory 10 day notice requirement will ordinarily result in reversal of summary judgment obtained by the party violating the rule. *See, e.g., Ketner v. Rouzer,* 11 N.C. App. 483, 488-89, 182 S.E. 2d 21, 25 (1971), where this Court said: "It is possible . . . that if plaintiff is given the opportunity, which proper notice of the motion for summary judgment would provide, he might by affidavit develop more fully the facts as to what actually occurred. . . ."

While the notice provision contained in Rule 56 may be waived by plaintiff, *Raintree Corp. v. Rowe,* 38 N.C. App. 664, 248 S.E. 2d 904 (1978), we do not believe such waiver may be found on the facts of this case. The record clearly indicates that plaintiff had identified eight persons as potential witnesses to be offered at trial, and that plaintiff contended there were six contested issues which should be submitted to the jury. While plaintiff on 1 November 1982 had announced its readiness to proceed to trial, such readiness is in no way equivalent to readiness to respond to a motion for summary judgment. Thus the trial judge erred in entering summary judgment for the defendants.

For the reason stated, summary judgment for defendants i ᴵacated and the cause remanded to District Court for further pr eedings.

Vacated and remanded.

Judges HILL and JOHNSON concur.