IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-446

Filed: 15 December 2015

Wake County, No. 13CVS564

DALE BUCKNER, Plaintiff,

v.

TIGERSWAN, INC., Defendant.

Appeal by defendant from Order entered 6 August 2014 by Judge Henry W. Hight, Jr. in Wake County Superior Court. Heard in the Court of Appeals 19 October 2015.

> *MICHAEL W. STRICKLAND & ASSOCIATES, P.A., by Michael W. Strickland, for plaintiff.*
>
> *MAGINNIS LAW, PLLC, by Edward H. Maginnis and T. Shawn Howard, for defendant.*

ELMORE, Judge.

TigerSwan, Inc. (defendant) appeals from the trial court's Order for Summary Judgment in favor of Dale Buckner (plaintiff). After careful consideration, we reverse the trial court's Order and remand for a new hearing.

## I. Background

In January 2012, plaintiff accepted the role of Director of Operations at TigerSwan, Inc., a company based in Apex that provides operational risk management, training logistics, crisis management, business intelligence, and

security counseling services. While plaintiff was employed by defendant, plaintiff loaned defendant money via two promissory notes. Defendant executed Note One on 5 March 2012 in the amount of $150,000, and it was due on 5 October 2012. Defendant executed Note Two on 17 April 2012 in the amount of $103,500, and it was due on 17 October 2012. In June 2012, plaintiff submitted his intent to resign in two weeks.

After plaintiff resigned, he filed a complaint on 11 January 2013 alleging that defendant was in default on the promissory notes. At the time plaintiff filed the complaint, he alleged defendant owed $7,337.47 pursuant to Note One, plus seven percent interest, and $103,500 pursuant to Note Two, plus six percent interest. Defendant filed an answer, including affirmative defenses and counterclaims, on 7 February 2013. Defendant pled the affirmative defenses of unclean hands, waiver, estoppel, and accord and satisfaction. Additionally, defendant pled the following counterclaims: breach of contract, breach of fiduciary duty, constructive fraud, unfair and deceptive trade practices, misappropriation of trade secrets, and temporary and permanent injunctive relief.

Plaintiff filed a motion for summary judgment on 4 April 2013. On 24 May 2013, plaintiff filed a notice of hearing, indicating that its motion would be heard on 30 May 2013. On 24 June 2013, the trial court denied plaintiff's motion for summary judgment, stating, "Plaintiff moved for Summary Judgment only upon its claim that

Defendant breached the promissory note . . . . Plaintiff did not move for Summary Judgment upon the Counterclaims of Defendant . . . . Defendant did not move for Summary Judgment on its own claims."

On 7 April 2014, the trial court was scheduled to hear arguments on plaintiff's motion *in limine*, which related to defendant's counterclaims. After calendar call, defendant informed plaintiff that it was dismissing its counterclaims. During the hearing, after informing the court that defendant was dismissing its counterclaims, plaintiff requested an "opportunity to prepare another motion *in limine* based upon the lack of counterclaims" to exclude all evidence of damages and actions complained of in the counterclaims. Based on the foregoing, the trial court asked the parties to amend the pretrial conference order to reflect the current position, stating, "You can take as long as you want. You got at least 15 minutes." Counsel stated that they would need to go back to their offices, and the trial court informed them that they could handwrite the new order. At this time, defendant filed a voluntary dismissal of its counterclaims.

After the fifteen-minute recess, the trial court briefly allowed each side to present its position. Plaintiff argued, "This leaves then nothing before the Court but a suit on a promissory note where the parties have stipulated that it's valid and unpaid." Defendant argued that clause 3(v) in the promissory notes allows defendant to put on equitable defenses. The trial court asked each side to "provide for me what

you think your evidence is going to show for the record [so] that I can consider that,

plus whatever law you have, in determining whether we need to go further in this

case, so that if I rule in his favor, everything's preserved[.]" The court asked plaintiff

and defendant if they could "get all that done by 2:30[,]" and then it recessed for lunch.

Plaintiff and defendant both presented evidence, and the trial court concluded,

> For the purposes of this proceeding, I'm going to take all of the allegations of the defendant as true and will accept the undisputed stipulations of fact as set forth in the pretrial order. And based upon those two things would direct judgment in in [sic] favor of plaintiff in the amount of $103,500. Dismiss any claims of equitable principles as applies [sic] offsets or nullification of contract entered into between the parties on April the 17th, 2012.

Following the oral entry of judgment on 7 April 2014, the trial court entered an "Order

for Summary Judgment" on 6 August 2014, which stated,

> With the dismissal of Defendant's Counterclaim, Defendant's only defenses are the affirmative defenses of unclean hands, waiver and estoppel[.] Defendant, having offered all of its exhibits and having offered a profer [sic] of its evidence, has failed to establish any material fact which would prevent entry of judgment in favor of Plaintiff.

Defendant appeals.

## II. Analysis

A. The Trial Court's Order

"The standard of review for summary judgment is de novo." *Forbis v. Neal*,

361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citing *Builders Mut. Ins. Co. v. North*

*Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006)).  Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."  N.C. Gen. Stat. § 1A-1, Rule 56(c) (2013).  "The trial court may not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact."  *Forbis*, 361 N.C. at 524, 649 S.E.2d at 385 (citing *Singleton v. Stewart*, 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972)).  "The motion shall be served at least 10 days before the time fixed for the hearing."  N.C. Gen. Stat. § 1A-1, Rule 56(c) (2013).

Defendant argues that the trial court's order must be reversed and this case remanded because plaintiff did not move for summary judgment and defendant did not have the requisite ten-day notice of the hearing.  We agree.

Plaintiff maintains that summary judgment may be entered without a motion, and alternatively, the court's judgment may be treated as a directed verdict or judgment on the pleadings. Plaintiff acknowledges that "[w]here no motion for summary judgment is filed and no notice given[,] a court's entry of summary judgment [has] been held improper[,]" citing *Britt v. Allen*, 12 N.C. App. 399, 183 S.E.2d 303 (1971).  Nevertheless, plaintiff cites to *Erthal v. May*, 223 N.C. App. 373, 387, 736 S.E.2d 514, 523 (2012), for the proposition that, in certain circumstances, a party is not required to move for summary judgment to be entitled to it.

In *Erthal*, the defendants moved for partial summary judgment, and the trial court denied the defendants' motion and instead granted summary judgment in favor of the plaintiffs. *Id.* at 375, 736 S.E.2d at 516. On appeal, the defendants argued that the trial court lacked authority to grant summary judgment in favor of the plaintiffs because the plaintiffs did not file a motion for summary judgment and the defendants were not given the required ten-day notice. *Id.* at 387, 736 S.E.2d at 523. This Court stated, "Rule 56 does not require that a party move for summary judgment in order to be entitled to it[,]" citing *N.C. Coastal Motor Line, Inc. v. Everette Truck Line, Inc.*, 77 N.C. App. 149, 151, 334 S.E.2d 499, 501 (1985), and "the trial court can grant summary judgment against the moving party." *Erthal*, 223 N.C. App. at 387, 736 S.E.2d at 523 (citing *Carriker v. Carriker*, 350 N.C. 71, 74, 511 S.E.2d 2, 5 (1999)). Moreover, we stated, "Our Supreme Court has previously held that even if the parties have only moved for partial summary judgment, it is not error for the trial court to grant summary judgment on all claims where both parties are given the opportunity to submit evidence on all claims before the trial court." *Id.* (citing *A-S-P Assocs. v. City of Raleigh*, 298 N.C. 207, 212, 258 S.E.2d 444, 448 (1979)).

In contrast, here there was not a pending motion for full or partial summary judgment filed and noticed by at least one party. Instead, both plaintiff and defendant only had notice that they were participating in a hearing regarding a motion *in limine*. Although Rule 56 does not require a party to move for summary

judgment to be entitled to it, it does require at least ten days' notice of the time fixed for the hearing.

In *Britt v. Allen*, cited by defendant, the trial court dismissed with prejudice the plaintiffs' claim and *sua sponte* entered "judgment as of nonsuit." 12 N.C. App. at 400, 183 S.E.2d at 303–04. On appeal, we stated, "Although not designated as such, the judgment appealed from amounted to a summary judgment." *Id.* at 400, 183 S.E.2d at 304. We noted that the "defendant made no motion for summary judgment" and "the judgment was entered on the court's own motion. Not only did defendants fail to move for summary judgment but plaintiffs were not given at least 10 days' notice before the time fixed for the hearing as required by Rule 56(c)." *Id.* at 400–01, 183 S.E.2d at 304. Accordingly, we held, "Since the procedure prescribed by Rule 56 was not followed, the judgment appealed from is erroneous." *Id.* at 401, 183 S.E.2d at 304 (citing *Ketner v. Rouzer*, 11 N.C. App. 483, 182 S.E.2d 21 (1971); *Lane v. Faust*, 9 N.C. App. 427, 176 S.E.2d 381 (1970)).

Additionally, in *Zimmerman's Dept. Store v. Shipper's Freight Lines*, we stated, "Failure to comply with [the] mandatory 10 day notice requirement will ordinarily result in reversal of summary judgment obtained by the party violating the rule." 67 N.C. App. 556, 557–58, 313 S.E.2d 252, 253 (1984) (citing *Ketner v. Rouzer*, 11 N.C. App. at 488–89, 182 S.E.2d at 25). Although the plaintiff "had announced its readiness to proceed to trial, such readiness is in no way equivalent to readiness to

respond to a motion for summary judgment." *Id.* at 558, 313 S.E.2d at 253. Thus, we concluded that the trial court erred in entering summary judgment for the defendants as they failed to comply with the notice requirement in Rule 56. *Id.*

"There is, we think, a sound reason for the mandatory form in which the 10-day requirement is expressed in the Rule." *Ketner*, 11 N.C. App. at 488, 182 S.E.2d at 25. Because defendant did not have the requisite ten-day notice under Rule 56, the trial court erred in entering summary judgment in favor of plaintiff.

B. Judgment on the Pleadings or Directed Verdict

Plaintiff alternatively claims that the trial court's order may be treated as a judgment on the pleadings or a directed verdict. We disagree.

Rule 12 of the North Carolina Rules of Civil Procedure states,

> (c) Motion for judgment on the pleadings.—After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

N.C. Gen. Stat. § 1A-1, Rule 12(c) (2013). "No evidence is to be heard, and the trial judge is not to consider statements of fact in the briefs of the parties or the testimony of allegations by the parties in different proceedings." *Lambert v. Cartwright*, 160 N.C. App. 73, 75, 584 S.E.2d 341, 343 (2003). Here, because the trial court considered

matters outside of the pleadings, including arguments from both sides and a binder full of evidentiary materials from defendant containing a number of e-mails and other documents, we cannot treat the trial court's Order for Summary Judgment as a judgment on the pleadings under Rule 12.

A directed verdict is also inappropriate at this procedural posture. Under Rule 50 of the North Carolina Rules of Civil Procedure, a party may move for a directed verdict at the close of the evidence offered by the opponent and at the close of all of the evidence. N.C. Gen. Stat. § 1A-1, Rule 50(a) (2013). "[I]t is well settled that a motion for a directed verdict only is proper in a jury trial." *Dean v. Hill*, 171 N.C. App. 479, 482, 615 S.E.2d 699, 701 (2005); s*ee also Miles v. Carolina Forest Ass'n*, 167 N.C. App. 28, 34, 604 S.E.2d 327, 332 (2004).

Plaintiff argues that in *Harvey and Son v. Jarman*, 76 N.C. App. 191, 199, 333 S.E.2d 47, 52 (1985), we held that the trial court has inherent power to direct a verdict where facts are admitted. Plaintiff, however, fails to mention that the case proceeded to a trial by jury, both parties put on evidence, and then the trial court entered a directed verdict. *Id.* at 193, 333 S.E.2d at 48–49. Here, the parties were in court for a pretrial hearing on a motion *in limine* and were not participating in a jury trial. Thus, it would be inappropriate to treat the Order for Summary Judgment as a directed verdict.

C. Questions of Fact

Defendant contends that should we determine it had sufficient notice to participate in a summary judgment hearing, it proffered enough evidence to establish material issues of fact. Because summary judgment should not have been entered based on lack of notice under Rule 56, we do not reach the merits of this argument.

### III. Conclusion

The trial court erred in entering summary judgment in favor of plaintiff because defendant did not have the requisite ten-day notice under Rule 56. We reverse and remand for a new hearing.

REVERSED AND REMANDED.

Chief Judge McGEE and Judge INMAN concur.