IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-998

Filed: 2 June 2020

Forsyth County, No. 18 CVS 1493

NAKESHA ALLEA GARY, Plaintiff,

v.

LINDA MARIE WIGLEY, Defendant.

Appeal by plaintiff from order entered 9 August 2019 by Judge L. Todd Burke in Forsyth County Superior Court. Heard in the Court of Appeals 13 May 2020.

*Sellers, Ayers, Dortch & Lyons, P.A., by Brett Dressler, for plaintiff-appellant.*

*Gaylord Rodgers, PLLC, by Dwight G. Rodgers, Jr., for defendant-appellee.*

TYSON, Judge.

Nakesha Allea Gary ("Plaintiff") appeals from the trial court's order granting summary judgment in favor of Linda Marie Wigley ("Defendant"). We reverse and remand.

I. Background

Plaintiff was allegedly injured in a motor vehicle accident with Defendant on 21 December 2017. Plaintiff was transported for emergency care following the incident and underwent a CT scan and other procedures. Plaintiff filed suit against Defendant on 19 March 2018, alleging negligence and seeking compensatory damages. Defendant filed her answer, alleged contributory negligence by Plaintiff as

an affirmative defense, and asserted a counterclaim against Plaintiff for negligence and damages.

This case was scheduled first on the trial calendar for 5 August 2019. The trial court initially heard arguments on both parties' pretrial motions *in limine*. Defendant's counsel asserted Plaintiff did not include any expert medical witnesses in her pretrial witness disclosure. Defendant moved, *inter alia*, to exclude Plaintiff from testifying about her alleged injuries and medical bills until she presented expert medical testimony about causation.

Plaintiff's counsel asserted Plaintiff could testify to her layperson's experience of her accident, injuries, and medical treatment, and introduce into evidence her medical bills detailing treatment, costs, and damages. The trial court asked both parties to present a forecast of their evidence.

The trial court stated: "I'll give it some thought." Following further statements by counsel for both parties, the trial court went off the record for seven minutes. Upon resuming the record, the trial court announced:

> Yes. Just let the record reflect that counsel for the defense has made a Motion For Summary Judgment. He's made that motion because the medical records will not come into evidence in this case, nor will a medical expert testify in this case.
>
> Counsel for the defense has stated that the plaintiff's case, therefore, lacks a crucial element, there being proximate cause, and counsel for – and the court has

> allowed Defendant's Motion For Summary Judgment, and
> it notes plaintiff's exception.

Plaintiff's counsel requested the trial court to continue the case so a better record could be created. The trial court denied the request. Plaintiff's counsel then objected "to the procedure under Rule 56 for lack of notice" and "because no evidence has been presented by defendant in support of its motion." The trial court noted Plaintiff's objections.

The trial court filed its order granting Defendant's motion for summary judgment on 9 August 2019. Plaintiff timely filed her notice of appeal.

## II. Jurisdiction

An appeal of right lies with this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2019).

## III. Issue

Plaintiff argues the trial court erred when it granted summary judgment in favor of Defendant without statutorily-required prior notice or competent evidence.

## IV. Standard of Review

North Carolina Rule of Civil Procedure 56(c) allows a moving party to obtain summary judgment upon demonstrating that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" show that they are "entitled to a judgment as a matter of law" and "that there is no genuine issue as to any material fact." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2019).

A genuine issue is one supported by evidence that would "persuade a reasonable mind to accept a conclusion." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 579, 573 S.E.2d 118, 124 (2002) (citation omitted). "An issue is material if the facts alleged would . . . affect the result of the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972).

"The party moving for summary judgment bears the burden of establishing that there is no triable issue of material fact." *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (citation omitted). "This burden may be met by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." *Id.* (citation and internal quotation marks omitted).

When reviewing the evidence at summary judgment, "[a]ll inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion." *Boudreau v. Baughman*, 322 N.C. 331, 343, 368 S.E.2d 849, 858 (1988) (citation omitted). On appeal, "[t]he standard of review for summary judgment is de novo." *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted).

## V. Analysis

Plaintiff argues the trial court committed reversible error by granting Defendant's motion for summary judgment without adequate prior notice. As required under the statute, a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing." N.C. Gen. Stat. § 1A-1, Rule 56(c). "Although Rule 56 makes no direct reference to *notice of hearing* [for a summary judgment motion], this Court has held that such notice also must be given at least ten (10) days prior to the hearing." *Barnett v. King*, 134 N.C. App. 348, 350, 517 S.E.2d 397, 399 (1999) (emphasis supplied).

"Failure to comply with this mandatory 10 day [sic] notice requirement will ordinarily result in reversal of summary judgment obtained by the party violating the rule." *Zimmerman's Dept. Store v. Shipper's Freight Lines*, 67 N.C. App. 556, 557-58, 313 S.E.2d 252, 253 (1984) (citation omitted). In this case, Defendant had neither filed a motion for summary judgment before the hearing nor filed supporting affidavits. Defendant does not dispute she failed to comply with the mandatory 10-day notice requirement of Rule 56(c).

Defendant instead argues Plaintiff impliedly waived the 10-day notice requirement. "The 10-day notice required by Rule 56 can be waived by a party." *Raintree Corp. v. Rowe*, 38 N.C. App. 664, 667, 248 S.E.2d 904, 907 (1978). In *Raintree*, this Court held a party had waived the 10-day notice requirement by, *inter alia*, participating in oral arguments, entering into a stipulation of facts, responding

in writing, and neither making a timely objection to the hearing nor requesting a continuance. *Id.*

Defendant argues Plaintiff impliedly waived the notice requirement by participating in the hearing on the motions *in limine*, reciting to the trial court the nature of the incident and Plaintiff's claimed injuries, not requesting a continuance or additional time to produce evidence, not arguing prejudice by the lack of adequate notice, and requesting an opportunity by the trial court to create a fuller record following the trial court's order.

Plaintiff objected to the summary judgment procedure and specified the lack of adequate prior notice under Rule 56, once the trial court resumed its hearing on the record. Plaintiff also requested additional time and opportunity to create a more detailed record. Plaintiff did not impliedly waive the notice requirement of Rule 56(c). Defendant's reliance on *Raintree* and the alleged similarities between that case and present case is misplaced.

We also note the facts in *Raintree* involved a motion to dismiss pursuant to Rule 12(b)(6), which was converted to a motion for summary judgment under Rule 56(c) when the parties presented matters outside the pleadings. *Id.* at 667, 248 S.E.2d at 906. This Court has repeatedly held the statutory notice requirement of Rule 56(c) is mandatory when a motion to dismiss under Rule 12 is converted to a motion for summary judgment under Rule 56. *See id.*; *see also Locus v. Fayetteville State Univ.*,

102 N.C. App. 522, 528, 402 S.E.2d 862, 866 (1991); *In re Will of Edgerton*, 26 N.C. App. 471, 474, 216 S.E.2d 476, 478-79 (1975).

Summary judgment "provides a somewhat drastic remedy, it must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Edgerton*, 26 N.C. App. at 474, 216 S.E.2d at 478 (citations omitted). Our Supreme Court has stated: "It is only in exceptional negligence cases that summary judgment is appropriate." *Page v. Sloan*, 281 N.C. 697, 706, 190 S.E.2d 189, 194 (1972) (citations omitted).

Plaintiff cites *Buckner v. TigerSwan, Inc.*, where this Court held the entry of summary judgment was reversible error under Rule 56(c) when the parties only had notice they were participating in a hearing on a motion *in limine*. *Buckner v. TigerSwan, Inc.*, 244 N.C. App. 385, 389, 781 S.E.2d 494, 498 (2015). In *Buckner*, the trial court scheduled arguments on the plaintiff's motion *in limine* related to the defendant's counterclaims. *Id.* at 386, 781 S.E.2d at 496. During the hearing, the defendant informed the plaintiff it was dismissing its counterclaims. *Id.*

After the voluntary dismissal, the trial court heard statements of each party's position. *Id.* at 387, 781 S.E.2d at 496. The trial court requested each side to forecast its evidence for the record, then entered summary judgment *sua sponte* in favor of the

plaintiff. *Id.* This Court held the trial court erred because the defendant had not been provided the requisite 10-day notice under Rule 56(c). *Id.* at 389, 781 S.E.2d at 498.

Here, the case was scheduled as first on the trial calendar. While the case at bar similarly deals with a hearing on motions *in limine*, the pretrial hearing in *Buckner* was not on the same day the case was scheduled to be tried. Parties appearing in court for trial are on notice to be prepared to go forward for final disposition of their claims.

Nevertheless, "cautious observance" of the statutory notice requirements of Rule 56(c) mandates reversal of the trial court's grant of summary judgment, due to insufficient notice. *Edgerton*, 26 N.C. App. at 474, 216 S.E.2d at 478; *see also Wachovia Mortg., FSB v. Davis*, 209 N.C. App. 752, 709 S.E.2d 602, 2011 WL 531796, at \*2 (2011) (unpublished) (notice requirement of Rule 56(c) not followed even where notice of hearing filed and served nearly two months after notice of motion, and notice of hearing "indicated [the] motion would be heard 'at the time the matter [wa]s called for trial' eight days later.").

"Since the procedure prescribed by Rule 56 was not followed, the judgment appealed from is erroneous." *Buckner*, 244 N.C. App. at 389, 781 S.E.2d at 497 (citations omitted). We do not reach and express no opinion on the merits, if any, of the parties' allegations, claims, or defenses.

## VI. Conclusion

Defendant had not filed the required 10-day prior notice of a motion for summary judgment before the hearing on the parties' motions *in limine*. Plaintiff did not impliedly waive the 10-day notice requirement of Rule 56(c) through her counsel's participation in the hearing on the motions *in limine*. The trial court erred by granting summary judgment in favor of Defendant without the requisite 10-day prior notice. *See id.* We reverse the trial court's grant of summary judgment and remand for further proceedings.

Because we reverse the trial court's order and remand due to inadequate prior notice, we do not reach and express no opinion on the merits, if any, of the parties' allegations, claims, or defenses. *It is so ordered.*

REVERSED AND REMANDED.

Judges DIETZ and ARROWOOD concur.