## Richmond

### United Virginia Bank of Fairfax v. Dick Herriman Ford, Inc.

December 2, 1974.

Record No. 740129.

Present, All the Justices.

*John H. Rust, Jr. (John H. Rust; Wayne F. Cyron*, on brief), for plaintiff in error.

*William S. Burroughs, Jr.*, for defendant in error.

Cochran, J., delivered the opinion of the court.

On September 7, 1972, United Virginia Bank of Fairfax (Bank) filed its motion for judgment against Dick Herriman Ford, Inc. (Dealer), alleging damages resulting from breach of a contract to record a first lien in favor of the Bank on the application for title to an automobile purchased from the Dealer by Scott Burdette, to whom the Bank made a loan for a portion of the purchase price.

The case was tried before the court, sitting without a jury. At the conclusion of the Bank's evidence the Dealer moved to strike the evidence on the ground that a prima facie case had not

been made out. The trial court granted the motion and on October 12, 1973, entered a final order awarding summary judgment for the Dealer. In the final order, however, the court held that there was a contract between the Bank and the Dealer, that the Dealer had breached the contract and had thereby damaged the Bank and was liable therefor, but that the Bank had "failed to establish the value of the automobile at the time that its right to repossession accrued," so that the court could not assess the measure of damages.

When Burdette purchased the vehicle, a new 1971 Ford Country Squire station wagon, he obtained from the Bank a new loan which the Bank consolidated with an outstanding loan. The Dealer was notified by the Bank that the total amount of Burdette's loan in the sum of $4,525.92 was to be recorded as a first lien on the application for title to Burdette's car. The net proceeds of the loan were evidenced by the Bank's check dated February 5, 1971, in the sum of $2,943.56, payable to the order of Burdette and the Dealer, and containing a provision in which, by endorsing and obtaining the proceeds of the check, the payees certified that the Bank's first lien had been recorded on the title application. The Dealer deposited the check but failed to record the Bank's lien on the title application and had the application submitted to the Division of Motor Vehicles showing Cornelia H. Burdette, rather than Scott Burdette, as the owner. The title certificate was issued in accordance with the information furnished in the application. After making several payments Burdette defaulted, leaving a balance of $3,771.98 payable to the Bank on his loan, and removed himself and the automobile from the state.

The Bank has assigned error to the action of the trial court in entering summary judgment for the Dealer. The Bank contends here, as it did below, that it is entitled to recover either the sum of $3,771.98, or the sum of $2,943.56, and that the value of the automobile at the time of Burdette's default was irrelevant and could not be determined because the vehicle and the owner were beyond the jurisdiction of the court.

Rule 3:18, Rules of Court, provides in pertinent part as follows:

"Summary judgment, interlocutory in nature, may be entered as to the undisputed portion of a contested claim or on the issue of liability alone although there is a genuine issue as to

the amount of damages. Summary judgment shall not be entered if any material fact is genuinely in dispute."

The trial court's action in entering summary judgment for the Dealer would have been permissible under the Rule had it followed a finding that there was no liability on the part of the Dealer. But the court erred in taking such action after finding that the Dealer was liable to the Bank and that the Bank had been damaged by the Dealer's breach of contract.

The Bank was not required to prove the value of the vehicle at the time of Burdette's default. The Bank is entitled to be put in the same position as it would have been in if the contract had been performed. *See duPont Co.* v. *Universal Moulded Prod.*, 191 Va. 525, 569, 62 S.E.2d 233, 253 (1950). If the Dealer had fulfilled its contractual obligations the Bank would have been protected by a first lien on the title certificate issued in the name of the borrower covering the amount of his indebtedness to the Bank. Damages within the reasonable contemplation of the parties at the time the contract was made would comprise the amount of the indebtedness to be secured, diminished by payments actually received.

The general rule is that damages are to be determined at the time of breach of a contract, 22 Am. Jur. 2d, *Damages,* § 52, p. 81 (1965). Evidence of fluctuations in value after the breach is irrelevant. *Simon* v. *Electrospace Corporation,* 28 N.Y.2d 136, 269 N.E.2d 21 (1971); *Gaylord Builders* v. *Richmond Metal Mfg. Co.,* 186 Pa. Super. 101, 140 A.2d 358 (1958).

To require the Bank to prove the value of the automobile as of the date its right of repossession accrued would be to reward the Dealer, at the Bank's expense, for the Dealer's breach of contract We hold, therefore, that the general rule should apply in this case and that damages should be determined as of the date of breach of the contract between the Bank and the Dealer. *See Securities Acceptance Corporation* v. *Perkins,* 182 Kan. 169, 318 P.2d 1058 (1957). This requires a determination of the value of the vehicle at that time, because the Bank is not entitled to damages in excess of the value of the collateral of which it was deprived.

A litigant is not required to prove his damages with precision, particularly where the violator of the contract has made it impossible for him to do so, provided the evidence permits an intelligent and reasonable estimate of the damages. *M & B Construction Co.* v. *Mitchell,* 213 Va. 755, 758-59, 195 S.E.2d 873,

876-77 (1973). Here, the amount of the obligation to be protected by the first lien that was never perfected was $4,525.92. This is rebuttable evidence that the value of the vehicle at the time the contract was breached was not less than that amount. The title application, however, signed by the Dealer, disposes of the question of value, for it shows that the purchase price paid for the vehicle was $4,560.00. We hold that $4,525.92 was the measure of damages caused by the Dealer's breach of contract, less credits for payments received by the Bank after the contract was breached, reducing the damages to $3,771.98.

As value has been established by the evidence, we reverse the final order of October 12, 1973, and enter final judgment for the Bank in the amount of $3,771.98.

*Reversed and final judgment.*