OROWEAT EMPLOYEES CREDIT UNION v.
KATHRYN M. STROUPE AND SMITH CHEVROLET COMPANY

No. 8027SC150

(Filed 19 August 1980)

Guaranty § 1; Contracts § 2.1; Bills and Notes § 7– endorsement of check – contractual guaranty of transfer of vehicle title to lender

> The endorsement by defendant car purchaser and defendant car dealer of a check from plaintiff lender immediately below a statement on the back of the check that endorsement guarantees legal title to plaintiff of a specifically described automobile created a contractual guaranty that title to the automobile would be placed in plaintiff for which the purchaser and dealer served as equal co-guarantors. Therefore, where defendant dealer instead placed legal title in the name of defendant purchaser, plaintiff could proceed against defendants jointly and severally to recover its damages arising out of the breach of the contractual guaranty.

APPEAL by defendant Smith Chevrolet Company from *Thornburg (Lacy H.), Judge.* Judgment entered 27 December 1979 in Superior Court, GASTON County. Heard in the Court of Appeals 11 June 1980.

Plaintiff is an employee credit union chartered as a corporation under the laws of the State of California. The defend-

ant, Kathryn M. Stroupe, is a citizen and resident of Gaston County, North Carolina. Defendant, Smith Chevrolet Company, is a North Carolina corporation, which has its principal office in Gaston County, North Carolina.

On 1 February 1978, the defendant, Kathryn M. Stroupe, purchased a 1978 Chevrolet Monza automobile from the defendant, Smith Chevrolet Company, For Six Thousand One Hundred Seventy-eight and 14/100 Dollars ($6,178.14). The car was paid for in full by a check, dated 1 February 1978, drawn on plaintiff Oroweat Employees Credit Union (hereinafter Oroweat) and made payable jointly to Kathryn M. Stroupe (hereinafter Stroupe) and Smith Chevrolet Company (hereinafter Smith Chevrolet). The following wording was printed on the reverse side of the check immediately above the place where both defendants placed their endorsements:

"Endorsement hereon acknowledges payment in full and guarantees legal title to Oroweat Employees Credit Union on the below described vehicle:

Make: Chevrolet

Model: Monza Spider

Serial No.: 1RO7U8U125744

Year: 1978."

Immediately below the statement appears the naı1e "Kathryn M. Stroupe" and a stamp stating as follows: "Deposit only with The Citizens National Bank at Gastonia, N.C., to the credit of Smith Chevrolet Co., Inc."

Prior to the endorsement of the above-mentioned check, the defendant, Smith Chevrolet Company, had legal title to the automobile. Instead of issuing a certificate of title to Oroweat, defendant Smith Chevrolet placed the legal title in the name of defendant Stroupe.

Defendant Stroupe made one payment to plaintiff on her loan sometime prior to 31 March 1978. Thereafter, she made no

further payments. Oroweat sent defendant Stroupe delinquent notices in April, May and July of 1978. On 11 September 1978, J.T. Denis, Manager, Oroweat Employees Credit Union, wrote a letter to the sales manager of Smith Chevrolet, in which letter Oroweat informed Smith Chevrolet that they had not received the title to the automobile and that pursuant to the conditional endorsement, Oroweat had been guaranteed legal title to the subject automobile. At this time plaintiff learned that Smith Chevrolet did not transfer title to the automobile to Oroweat but instead placed the title to the vehicle in the name of Kathryn M. Stroupe. No other communications were made between Oroweat and Smith Chevrolet prior to or between the time of negotiation of Oroweat's check and the letter of 11 September 1978.

On 20 December 1979, the cause came before the trial court, sitting without a jury, and after having considered the pleadings, affidavits, the standard buyer's order form, the 11 September 1978 letter of Oroweat, Kathryn Stroupe's promissory note, the security agreement between Oroweat and Kathryn Stroupe, Kathryn Stroupe's application for a loan, the automobile loan trust agreement, the wording on the reverse side of the Oroweat check, and the arguments of counsel, the trial court made the following findings of fact and conclusions of law:

"6. The wording on the reverse of the check was unambiguous and plain in its requirement that negotiation or endorsement thereof constituted a guarantee that the title to the automobile was to be placed in Plaintiff.

7. Defendant Smith Chevrolet Company should in the exercise of reasonable diligence have known of the restrictive wording of the endorsement on the reverse of the check, and was on notice from the time of its endorsement thereon that it should place title to the automobile in the name of Plaintiff.

8. Defendant Smith Chevrolet Company endorsed the check and recieved the money therefrom and placed the title in the name of Defendant Stroupe, contrary to the provisions of the wording on said check.

9. The interval of time between the negotiation of the instrument and the inquiry of Plaintiff regarding the whereabouts of the title was not unreasonable under all the circumstances.

## CONCLUSIONS OF LAW

\*    \*    \*    \*

3. The language found on the back of the check issued by the Plaintiff to the Defendants constituted an offer, the endorsement of which constituted an acceptance by the Defendants; thus, a contract was made which required title to the vehicle in question to be placed in the Plaintiff.

4. The Defendant Kathryn M. Stroupe is primarily liable on the obligation, and the Defendant Smith Chevrolet Company is secondarily liable on the obligation."

The judgment awarded to plaintiff the sum of $5,927.36 and provided that defendant Smith Chevrolet recover from defendant Stroupe any portion of the recovery paid by Smith Chevrolet.

*Whitesides & Robinson by Henry M. Whitesides and Arthur C. Blue, III for plaintiff appellee.*

*Garland & Alala by James B. Garland and Brooke Lamson for defendant appellant.*

CLARK, Judge

We note at the outset that defendant-appellant Smith Chevrolet has failed to set forth in its brief its assignments of error and the respective record pages as required by Rule 10 of the N.C. Rules of Appellate Procedure. Normally this results in the dismissal of an appeal pursuant to Appellate Rule 10(a), but, because of the commercial significance of this appeal, and in the interest of justice, we elect to consider this appeal pursuant to Appellate Rule 2.

The arguments of defendant-appellant Smith Chevrolet, the only appellant herein, can be summarized as follows: (1) The language on the check was not unambiguous and plain because the purported guaranty would be contrary to the provisions of § 20-57 and § 20-4.01(26) of the North Carolina General Statues and therefore Smith Chevrolet acted correctly in placing title in the name of Kathryn Stroupe; (2) the language on the back of the check is not a restrictive endorsement; (3) the exercise of reasonable diligence would not have led to knowledge of the language on the back of the check; (4) the contract between Stroupe and Oroweat mandated that title be placed in Stroupe's name; (5) Oroweat acted unreasonably in waiting six months to collect its debt from defendant Stroupe; (6) the language on the back of the check does not constitute a contract requiring title to be placed in the plaintiff because there was no meeting of the minds, because Smith Chevrolet had no notice that it was signing a contract and because there was no additional consideration; (7) plaintiff has failed to show damages; and (8) upon the authority of the unpublished opinion, *Durham v. Metrolina National Bank* (C-B-79-39, D.C. W.D.N.C., Charlotte Division 1979), decided in the United States Bankruptcy Court, an automobile dealer who endorses a check which provides on its reverse side that, "Endorsement of this check warrants that a lien had been placed in favor of [lender]," is not bound by such endorsement.

We do not agree with defendant's contentions. For the sake of clarity, we note that this case does not involve an issue of accord and satisfaction. An accord and satisfaction arises out of a settlement of a dispute over a pre-existing debt or obligation, *see, e.g., Dobias v. White,* 239 N.C. 409, 80 S.E. 2d 23 (1954), whereas the instant case involves the creation of the initial contractual obligations. Nor does this case involve the effect of a restrictive endorsement within the meaning of N.C. Gen. Stat. §§ 25-3-205 and -206. The purpose of these statutes is to regulate the negotiability of, and liability of intermediary financial institutions on, checks upon which the restrictive endorsements are made. Consequently, defendant's argument pertaining to restrictive endorsements and lack of consideration are not relevant to the controversy.

Nor do we agree with defendant that the language on the reverse side of the check was ambiguous, or that the exercise of reasonable diligence would not have led to a knowledge of the language on the back of the check. All one would have to do is *read* the language before the check was endorsed. Undoubtedly, the check was handed to a salesman or an officer of the dealership before the check was handed to the clerk who stamped it for deposit. Even if this were not so, the failure of the dealership to establish any procedure to deal with checks with conditional, restrictive or qualified endorsements, however they may be defined, does not absolve the dealership from liability based on its failure to comply with the conditions on the check.

The issue before us is simply a matter of contract. The credit union in effect said, "If you want our money, you have to protect us by putting title in our name, and here is the make, model, serial number and description necessary for you to do so. Endorsement of this check is a guarantee that this is done." Both Stroupe and Smith Chevrolet endorsed the check as joint payees. There was an offer (the language on the back of the check), acceptance (endorsement), and exchange of consideration (title to the credit union, money to the joint payees). While we have found no North Carolina cases directly on point, two cases, *Federal Employees Credit Union v. Capital Automobile Company*, 124 Ga. App. 144, 183 S.E. 2d 39 (1971), and *United Bank of Fairfax v. Dick Herman Ford, Inc.*, 215 Va. 373, 210 S.E. 2d 158 (1974), support this result. Both cases involved contract actions in which the lending institution placed language on the back side of the checks providing that endorsement guaranteed that a first lien on the chattel had been established in the name of the lender. In both cases the courts enforced the plain language on the back of the check. Furthermore, *South Division Credit Union v. Deluxe Motors, Inc.*, 42 Ill. App. 3d 219, 355 N.E. 2d 715 (1979), cited by defendant, did not say that the language on the check therein was not enforceable because it was not a restrictive endorsement, but rather that the court would not imply a "limited time period" requirement that was not in the language on the back of the check.

Defendant, however, argues that they have in substance complied with the contract, if any, by placing the title in

Stroupe because plaintiff's Loan Trust Agreement with Stroupe contemplates title to be placed in Stroupe and because N.C. Gen. Stat. § 20-57 requires that title be placed only in the name of an "owner," which, by definition set forth in N.C. Gen. Stat. § 20-4.01(26), excludes a chattel mortgagee without possession of the chattel. We agree with defendant that plaintiff in its role as mortgagee cannot be the "owner" within the meaning of N.C. Gen. Stat. § 20-57, but we cannot accept plaintiff's logical leap to the conclusion that, since Smith Chevrolet only had the statutory "power" to place title in Stroupe's name, defendant had no obligation to give full force and effect to the language preceding defendant's endorsement. If defendant could not perform pursuant to the terms of the endorsement, it should have refused to negotiate the check and it should have returned the check to Oroweat; in other words, it should not have entered into the contract. Defendant may not now assert as a defense impossibility due to a legislative enactment which existed at the time the parties entered into the contract and which would not recognize the transfer contemplated by defendant. *Hazard v. Hazard*, 46 N.C. App. 280, 264 S.E. 2d 908 (1980). The following statement in *Durant v. Powell*, 215 N.C. 628, 634, 2 S.E. 2d 884 (1939), even though in the context of an accord and satisfaction, applies equally as well to the instant case:

> "This Court has held in numerous cases that when on the face of the check is stated the purpose for which it is given, or the *condition of the payment which it represents,* the party to whom it is given or sent cannot accept and use it and afterwards repudiate the condition. ... Business transactions cannot be safely conducted upon secret reservations of mind that are totally inconsistent with the open acts. ... (Citations omitted and quotation marks omitted)" (Emphasis added.)

While this Court is not bound by any interpretation of North Carolina law made by the federal bankruptcy court, we have seriously considered the reasoning as well as the total lack of authority in *Durham v. Metrolina National Bank, supra,* and, for the reasons discussed above, we decline to adopt the holding in that case.

We note that because we have held that the language on the back of the check is not ambiguous, we do not need to look at other documents to interpret the meaning of the language.

We now turn to the appropriate standard of damages. The trial court awarded damages in the amount of $5,927.36, representing the principal of the loan less the payment made by defendant Kathryn M. Stroupe, together with interest from the 1st day of April, 1978, and the costs of this action. This award represents the amount that Oroweat would be entitled to recover from Stroupe on Stroupe's promissory note. The award also represents the amount which Oroweat could recover from Smith Chevrolet on the contract by endorsement; provided, however, that Oroweat could not recover from Smith Chevrolet an amount greater than the value of the vehicle as of 1 April 1978. Oroweat can only be placed in the same position as if the contract had been performed, and, under the facts of this case, if the contract had been performed, Oroweat could have sold the vehicle as of the date of the breach and applied the proceeds to the balance of Stroupe's loan. We note that once Oroweat has proven the default by Stroupe and the amount of unpaid principal on the outstanding loan, and if Smith Chevrolet contends that the value of the automobile is less than the balance due on the note, the burden is then on Smith Chevrolet to prove the value of the vehicle at the time of the buyer's default. On remand Smith Chevrolet may seek to determine the value of the automobile as of 1 April 1978.

The trial court ruled that Stroupe was primarily liable on the obligation and that Smith Chevrolet was secondarily liable on the obligation. We think that in so ruling the trial court misapplied the applicable principles of law but nonetheless achieved the proper result. The action in this case is based upon a contract of "guaranty" arising out of the endorsements of Smith Chevrolet and Stroupe on the back of Oroweat's check; it does not involve a guaranty of Smith Chevrolet on the promissory note executed by Stroupe in favor of plaintiff.

Technically speaking, this contract is not one of classical guaranty in its truest form because each of the guarantors has a direct principal obligation to transfer title to plaintiff, 38 Am.

Jur. 2d *Guaranty* §§ 1, 2, 3 (1968); nonetheless, given the guaranty language on the contract, we find that the application of guaranty principles leads to a just and equitable result in this case. Consequently, we hold that both Stroupe and Smith Chevrolet serve as equal co-guarantors on the endorsement. "Guarantors are each liable for an equal proportionate share of the principal obligation, *as between themselves,* in the absence of any showing or agreement to the contrary." However, "where one guarantor receives property or other security which constitutes a means of indemnity for, or immunity from, loss, it inures to the benefit of all co-guarantors." 38 C.J.S. *Guaranty* § 114 (1943); 38 Am. Jur. 2d *Guaranty* § 128 (1968).

As applied to the facts of the instant case, we interpret these general principles to mean that Oroweat may proceed against Stroupe or Smith Chevrolet, jointly and severally, to recover its damages arising out of the breach of the contractual guaranty that title would be placed in Oroweat. If Oroweat, as in effect here, has proceeded against Smith Chevrolet alone, Oroweat is entitled to recover the full amount of its damages for this breach from Smith Chevrolet. Smith Chevrolet is in turn entitled to recover from Stroupe the value of the automobile as of 1 April 1978 because Stroupe had a duty to apply the property or security, *i.e.,* the title to the automobile, which constituted a means of indemnity or immunity from loss for the benefit of all guarantors.

Finally, we hold that Oroweat did not act unreasonably in electing to send notices of nonpayment to Stroupe for several months before notifying Smith Chevrolet that it had not delivered title to Oroweat. We note, also, that even if Oroweat had given Smith Chevrolet notice of Stroupe's default as early as April 1978, there was very little that Smith Chevrolet could do to protect itself since title had already been placed in the name of Stroupe.

Modified and Remanded for proceedings consistent with this opinion.

Judges PARKER and WEBB concur.