**PERKINS MOTORS, INC., Appellant,**

v.

**AUTOTRUCK FEDERAL CREDIT UNION, Appellee.**

Court of Appeals of Kentucky.

Oct. 24, 1980.

Charles W. Brooks, Jr., Louisville, for appellant.

C. Joseph Greene, Louisville, for appellee.

Before HOGGE, VANCE and WHITE, JJ.

VANCE, Judge.

Perkins Motors sold a 1978 automobile to Jack D. Deaton, who obtained financing through appellee, Autotruck Federal Credit Union. Appellee prepared a draft in the amount of $6,646.72 payable to Deaton and appellant which contained the following language:

> Endorsement below by Dealer constitutes agreement to show Lienholder as 'Autotruck Federal Credit Union' and have vehicle registered as Jack D. Deaton.

Deaton informed Perkins that he intended to register the automobile in the state of Indiana. Perkins then provided Deaton with the certificate of origin necessary to license the automobile. This certificate of origin showed appellee's lien.

The automobile in question was never licensed and therefore appellee's lien was not perfected. In October, 1978, Deaton declared bankruptcy and the vehicle was taken by the trustee and sold as part of the assets of Deaton's bankruptcy estate. The proceeds from the sale amounted to $300.00.

Appellee filed this action in the circuit court alleging Perkins breached the agreement to register the vehicle and show ap-

pellee's lien. Summary judgment was granted in favor of Autotruck in the amount of $5,895.03, representing the balance due on the loan. Perkins appeals contending that there are genuine issues of material fact which precluded disposition of this case under CR 56.01.

■ We think the case was not appropriate for summary judgment. There is a genuine issue of fact as to the amount of damages. It is well established in this jurisdiction that the measure of damages for breach of contract is that sum which will put the injured party into the same position he would have been in had the contract been performed. *Olive Hill Limestone Co. v. Gay–Coleman Construction Company*, 244 Ky. 822, 51 S.W.2d 465 (1932).

If the contract here had been performed appellee would have had a first lien upon the motor vehicle. From the enforcement of its lien the appellee could have recovered the value of the car at the time of enforcement, but not necessarily the amount of the secured indebtedness.

In some cases it has been held that a person deprived of a lien because of breach of contract has no duty to prove the value of the security. The amount to be protected by lien is deemed to be rebuttable evidence of value. *United Virginia Bank of Fairfax v. Dick Herriman Ford, Inc.*, 215 Va. 373, 210 S.E.2d 158 (1974).

■ There is evidence in this case that the vehicle was in extremely poor condition and was sold by the trustee in bankruptcy for $300.00 due to its poor condition. We think this creates an issue as to the value of the vehicle at the time when appellee could have first enforced its lien and as to the amount appellee could have realized from such enforcement if its first lien had been perfected.

The judgment is reversed and the case remanded for proceedings consistent with this opinion.

All concur.