# FAIRFAX BANK & TRUST COMPANY

### V.

# CRESTAR BANK

Record No. 930585

April 15, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy and Hassell, JJ.,
and Cochran, Retired Justice

*Cynthia A. Foulk, Frank E. Brown, Jr. (Mays & Valentine,* on brief), for appellant.

*C. Thomas Brown, Paulo E. Franco, Jr. (Rust, Rust & Silver,* on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this dispute between banks, we deal with the effect of a check's indorsement, which is restrictive as to the payee, upon the warranties a depositary bank makes to a payor bank in the check collection process.

The basic facts are undisputed. In June 1989, Robert M. Stolldorf applied to appellee Crestar Bank at its Chantilly branch for a loan to purchase a used 1988 Mercedes Benz automobile owned by Chantilly Fleet Service, a sole proprietorship. On June 15, Stolldorf executed a note and security agreement for $25,649.28 in which he agreed that the loan was to be secured by the automobile.

On the same day, Crestar issued its cashier's check in the amount of $20,000 payable to the order of "Chantilly Fleet Service," and handed it to Stolldorf for delivery to the payee. Crestar placed the following

legend on the reverse of the check by stamp, with the italicized portions completed by hand:

> "By endorsing this check, the payee agrees to record a first lien in favor of Crestar Bank, P.O. Box 179, Alexandria, Virginia 22313
>
> Security Agreement Dated *6-15-89*
>
> In The Amount Of $ *25,649.28* "

Stolldorf handed the check to Mark R. Wines, owner of Chantilly Fleet Service. Wines also owned Atlantic Towing, Inc., which had an account with appellant Fairfax Bank & Trust Company.

On June 15, Wines presented the check for deposit to Fairfax Bank's Centreville branch with the following printed, stamped indorsement:

> "Pay To The Order Of
> Fairfax Bank & Trust Company
> Fairfax, Va. 22030
> 056004979
> For Deposit Only
> Atlantic Towing, Inc.
> 05100542"

Because of the improper indorsement, Fairfax Bank refused the deposit and returned the check to Atlantic Towing. Upon Wines's request, Fairfax Bank then opened a new account in the name of Chantilly Fleet Service.

On June 15, after Wines had handwritten "CFS" just below Atlantic Towing's indorsement, Fairfax Bank accepted Crestar's check for deposit into the Chantilly Fleet Service account. At the same time, Wines deposited into the account another check for $100.00. Wines was allowed to draw a $20,000.00 check on that account the same day.

Fairfax Bank placed the Crestar check into the federal reserve system. Upon presentment, Crestar paid the check and Fairfax Bank was credited with $20,000.00.

Crestar's borrower, Stolldorf, failed to make the first payment due July 30 on the loan. Crestar filed no collection action against him nor did it attempt to enforce its lien rights under the security agreement.

On August 14, 1989, Crestar returned its check to Fairfax Bank requesting "proper" indorsement of the payee "or refund." Fairfax Bank then had Wines place the following handwritten indorsement on the check just below the other indorsements:

> "pay to the order
> Chantilly Fleet
> Service
> Mark R. Wines"

Fairfax Bank returned the check to Crestar.

Subsequently, Crestar returned the check to Fairfax Bank, demanding payment of $20,000.00. When this demand was refused, Crestar filed this action by motion for judgment against Fairfax Bank seeking recovery of that amount on the theories of breach of warranty, lack of consideration, and "unjust enrichment." In responsive pleadings, Fairfax Bank, admitting that the legend placed by Crestar on the reverse of the cashier's check was a "restrictive indorsement," denied it was indebted to Crestar.

Following a September 1991 bench trial, the court below, in a letter opinion, ruled in favor of Fairfax Bank. In the course of the opinion, the court found that Fairfax Bank "eventually obtained the correct endorsement from Mark Wines, sole proprietor of Chantilly Fleet Service," and that the check's payee, Chantilly Fleet Service, "received the funds from the check."

Crestar filed a motion for reconsideration. The trial court granted the motion and, in another letter opinion, found in favor of Crestar. The court ruled that Fairfax Bank "failed to comply with the restrictive endorsement, and, thus breached its warranty of presentment." The court did not alter its previous findings on the correctness of the last indorsement or on the receipt of the funds by the payee. We awarded Fairfax Bank this appeal from the January 1993 order entering judgment in favor of Crestar for $20,000.00.

On appeal, Fairfax Bank claims that "Crestar's loss was not occasioned by anything in the check collection process," but that "Crestar simply made a bad loan, and rather than attempting to collect from its borrower," it seeks recovery from the depositary bank. Fairfax Bank argues that when the trial court ruled there had been a failure to comply with the "restrictive indorsement" resulting in a breach of the warranty of presentation, the court misconstrued relevant sections of the Uniform Commercial Code (U.C.C.).

In view of the trial court's ruling that Fairfax Bank breached its warranty of title because it failed to comply with the "restrictive

indorsement," two issues arise. First, was the indorsement restrictive as to the depositary bank (Fairfax Bank) requiring the depositary bank to police a contract between the payor bank (Crestar) and the payee (Chantilly Fleet Services)? Second, did the trial court erroneously expand the warranty of title of the depositary bank beyond that contemplated by the U.C.C.?

On the first issue, Code § 8.3-205, dealing with restrictive indorsements, was effective at the time of this dispute. That section has been replaced by § 8.3A-206. Acts 1992, ch. 693. As pertinent, § 8.3-205 provided that an indorsement is restrictive if it is conditional, or "includes the words 'for collection,' 'for deposit,' 'pay any bank,' or like terms signifying a purpose of deposit or collection."

■ Here, the indorsement stated, "By endorsing this check, the payee agrees to record a first lien in favor of Crestar Bank." This indorsement is conditional and "restrictive" because it imposes a limitation on the payee. The indorsement, however, is not "restrictive" in the context of the check collection process. Former Code § 8.3-206(1) (now § 8.3A-206) provided: "No restrictive indorsement prevents further transfer or negotiation of the instrument."

■ As related to the check collection process, the indorsement is merely a contract between Crestar and Chantilly Fleet Services, *see United Virginia Bank* v. *Dick Herriman Ford, Inc.,* 215 Va. 373, 375, 210 S.E.2d 158, 160 (1974), to which Fairfax Bank was not a party. In effect, Crestar said to the payee, "If you want your money, you must record a first lien in our favor." The payee ultimately indorsed the check. There was an offer (the legend on the back of the check), acceptance of the offer (indorsement), and consideration (lien in favor of Crestar and money to the payee). *See Oroweat Employees Credit Union* v. *Stroupe,* 269 S.E.2d 211, 214-15 (N.C. Ct. App. 1980); 5 Ronald A. Anderson, *Uniform Commercial Code* § 3-205.5 (1984).

■ The terms of Crestar's legend, "the payee agrees to record a first lien," are not similar to the § 8.3-205 terms "for collection," "for deposit," "pay any bank," or "like" terms relating to the function that a depositary bank performs in the check collection process. In other words, the indorsement contains no language relating to the purpose of deposit or collection so as to impose a duty on the depositary bank under the U.C.C.; the contract was wholly independent of the collection process. In essence, the trial court erroneously placed a burden on the depositary bank to assure that the payee complied with the payor bank's contract.

On the second issue, because of the trial court's error with regard to the first issue, it necessarily follows that the court erroneously

expanded Fairfax Bank's warranty of title beyond that contemplated by former Code § 8.4-207. That section was repealed effective January 1, 1993; present Code § 8.4-207.1 corresponds with it. As pertinent, the former section provided that a collecting bank (Fairfax Bank) obtaining payment of an item warrants to the payor bank (Crestar), which pays in good faith, that the collecting bank "has a good title to the item or is authorized to obtain payment . . . on behalf of one who has a good title." § 8.4-207(1)(a).

Fairfax Bank, although contending that the § 8.4-207 warranty is inapplicable because no forged or invalid indorsement is involved here, argues that even if the section applies to these facts there has been no breach of warranty. We agree.

■ The term "good title," within the meaning of § 8.4-207(1)(a), is not analogous to the concept of title in property law. Instead, the term "means only that a collecting bank is warranting that it is presenting a check whose indorsements appear to be genuine." *North Carolina Nat'l Bank v. Hammond,* 260 S.E.2d 617, 623 (N.C. 1979). The term carries "a specialized construction limiting good title to the apparent validity of the chain of indorsements." *Id.* In other words, the warranty of "good title" is " 'nothing more than an assurance that no one has better title to the check than the warrantor, and therefore, that no one is in a position to claim title as against the warrantee, as the payee or other owner of a genuine check could do if his endorsement were forged.' " *Perini Corp. v. First Nat'l Bank,* 553 F.2d 398, 415 (5th Cir. 1977) (quoting *Aetna Life and Casualty Co. v. Hampton State Bank,* 497 S.W.2d 80, 84 (Tex. Civ. App. 1973)).

■ Thus, assuming the warranty of good title is applicable here, an issue we do not decide, no party in this case could claim a better title than Fairfax Bank. Chantilly Fleet Services could not; it actually received the funds, according to the trial court's finding of fact. And, there is no claim that Wines's signature as sole proprietor of Chantilly Fleet Service was forged. Accordingly, Crestar did not suffer any loss related to the indorsement of its check (even assuming, as Crestar argues, that the last indorsement was somehow defective) because Chantilly Fleet Services could not make a claim against either Crestar or Fairfax Bank.

Consequently, the judgment in favor of Crestar will be reversed and final judgment will be entered here in favor of Fairfax Bank dismissing Crestar's action.

*Reversed and final judgment.*