CHARLIE LEE HELMS, EDNA B. HELMS, HAROLD BURRIS AND RHODA H. BURRIS v. B & L INVESTMENT CO., INC., A NORTH CAROLINA CORPORATION, AND DAVID R. LANTER

No. 7326SC507

(Filed 25 July 1973)

Contracts § 20— impossibility of performance — assumption of risk — liability for nonperformance

Defendants under the terms of their guaranty to plaintiffs assumed the risk that the governing authorities of the city and county might interpose objections to the extension of water and sewer lines to property sold by them to the plaintiffs; therefore, defendants are liable to plaintiffs for any damages sustained by their failure to provide the property with water and sewer connections within six months of the date of sale as required by the contract.

APPEAL by defendants from *Clarkson, Emergency Judge,* Special 12 March 1973 Session of Superior Court held in MECKLENBURG County.

This is a civil action instituted by the plaintiffs on 6 June 1972 to recover damages for breach of contract. The facts out of which the action arose are substantially as follows:

The plaintiffs on 12 February 1969 purchased from the defendant-corporation a 2.15 acre tract of land on Idlewild Road in Mecklenburg County. Simultaneously with the execution of the deed, the defendant-corporation and its president, David R. Lanter, individually, executed a "Representation and Guaranty" which is set out in full as follows:

> "STATE OF NORTH CAROLINA          REPRESENTATION
> COUNTY OF MECKLENBURG          AND GUARANTY
>
> For and in consideration of the sum of $10.00 and other valuable considerations, the receipt whereof is hereby acknowledged, and for the purpose of inducing Charlie Lee Helms and wife Edna B. Helms, and Harold Burris and wife, Rhoda H. Burris, (hereinafter referred to as 'Purchasers') to purchase from B & L Investment Co., Inc., that certain parcel of land on Idlewild Road in Mecklenburg County, North Carolina, as shown on a physicial survey thereof made by David R. Lanter dated February 3, 1969, a copy of which is attached hereto marked 'Exhibit A', the undersigned B & L Investment Co., Inc., and David R. Lanter do hereby represent and guarantee to said Purchasers that within six months immediately following the date hereof, water and sewer lines will be extended to the property line of the above described premises, without any cost or expense therefor to said Purchasers, so as to render such water and sewer facilities available to said premises. It is understood and agreed that the purchase price being paid by the Purchasers for said premises is based upon this representation and guaranty.
>
> IN TESTIMONY WHEREOF the undersigned have hereunto set their hands and seals this the 12th day of February, 1969.
>
>                    B & L INVESTMENT CO., INC.
>                    By: David R. Lanter
>                    President
>                    DAVID R. LANTER. (SEAL)"

As of 15 March 1973 the defendant had not provided the water and sewer facilities as agreed. In their answer to the

complaint, they admit the execution of the guaranty but assert that they were unable to comply with their contract because they were prohibited from so doing by the governmental authorities of the city of Charlotte and Mecklenburg County on account of potential pollution problems in the area.

The plaintiffs moved for summary judgment on the issue of liability on the ground that there was no genuine issue as to any material fact concerning such liability and that they were entitled to judgment upon that issue as a matter of law.

The court granted summary judgment on the issue of liability. Defendants appealed.

*Parker Whedon for plaintiff appellees.*

*Bradley, Guthery & Turner, by Paul B. Guthery, Jr., for defendant appellants.*

BALEY, Judge.

The sole issue for determination in this case is whether the supervening action of the governmental authorities of the city of Charlotte and Mecklenburg County in prohibiting the defendants from extending water and sewer lines to the land sold to plaintiffs will excuse the defendants from the performance of their obligations to plaintiffs under the guaranty or from the payment of damages for their failure to so perform.

The material facts concerning the issue of liability are uncontradicted. As an inducement to plaintiffs to purchase the property, the defendants made an unqualified guaranty that water and sewer lines would be extended to the property line within six months after 12 February 1969. The defendants admit that the water and sewer lines were not extended to plaintiffs' property but contend that it was impossible to make such extension because they were prohibited by governmental authorities. It is a question of law for the court to determine whether the action of governmental authorities will excuse the defendants from liability for the failure to perform their contract.

> "As a general principle, nonperformance of a contract is excused where performance is rendered impossible by the law, provided the promisor is not at fault and has not assumed the risk of performing, whether impossible or not. . . . " 17 Am. Jur. 2d, Contracts, § 418, p. 872.

" . . . [T]he terms of a contract may be such that, expressly or by construction, one of the parties assumes the risk of subsequent governmental interference preventing his performance of his undertaking." 17 Am. Jur. 2d, Contracts, § 419, p. 875.

"Undoubtedly, a competent party may, by an absolute contract, bind himself to perform things which subsequently become impossible or to pay damages for the nonperformance. . . . " 17 Am. Jur. 2d, Contracts, § 423, p. 878.

"Where a party enters into a contract knowing that permission of government officers will· be. required during the course of performance, the fact that such permission is not forthcoming when required does not constitute an excuse for nonperformance." 17A C.J.S., Contracts, § 463(1), p. 611.

" . . . [T]he general rule is that performance of antecedent obligations may not be excused by subsequent inability to perform on account of unexpected difficulties or unforeseen impediments, short of prevention by wrongful act or conduct of the other party to the contract." *Goldston Brothers v. Newkirk*, 233 N.C. 428, 431, 64 S.E. 2d 424, 427.

*See also* Annot., 84 A.L.R. 2d 12 (1962).

In applying these principles of law to the present case, it seems clear that before the plaintiffs would agree to purchase the tract of land involved, they demanded assurance that water and sewer facilities would be made available within a six-month period. To induce the plaintiffs to make the purchase, the defendants, both corporate and individual, executed a separate and unconditional guaranty that the water and sewer facilities would be provided within six months.

This guaranty was clear and unequivocal in its terms and placed on the defendants the absolute responsibility for performance regardless of any contingency. The defendants by every reasonable interpretation assumed the risk of subsequent governmental interference which might prevent performance of their obligation. In view of the current emphasis upon pollution problems in metropolitan areas, the parties may or in the exercise of reasonable care should have anticipated that they might encounter some difficulty in providing the necessary

water and sewer facilities for this particular tract of land. The insistence upon the guaranty by plaintiffs and that it be signed by the individual defendant is some indication that this likelihood was within the contemplation of the parties.

We hold that the defendants under the terms of their guaranty to plaintiffs have assumed the risk that the governing authorities of the city of Charlotte and Mecklenburg County might interpose objections to the extension of water and sewer lines to property sold by them to the plaintiffs and are liable to the plaintiffs for any damages sustained by their failure to perform their contract.

The action of the court below in granting summary judgment upon the issue of liability is sustained, and the cause is remanded for a determination of damages.

Affirmed.

Judges CAMPBELL and HEDRICK concur.