MARGARET C. HAZARD v. FRED HAZARD

No. 7915SC734

(Filed 15 April 1980)

1. **Appeal and Error § 28.1; Contracts § 6— consent judgment—illegal contract as defense—failure to except to conclusion**

   In an action to recover damages for failure to comply with a consent judgment, defendant's argument that the contract was illegal and therefore unenforceable was not properly before the court on appeal because illegality was not pled as an affirmative defense, and there was no exception to the conclusion of the trial court that "as between the parties [the judgment] was a contract"; furthermore, the consent judgment was not an illegal and unenforceable contract since it was not immoral or criminal in itself or contrary to public policy, but merely provided for the assignment or transfer of a right or benefit which federal law or regulation would not recognize.

2. **Contracts § 20.1— consent judgment—impossibility of performance—no defense for failure to perform**

   In an action to recover damages for failure to comply with a consent judgment requiring defendant to convey ownership of certain insurance policies to plaintiff and to make plaintiff an irrevocable beneficiary of certain U. S. Army and Civil Service Survivor Benefit Plans, defendant could not rely on impossibility of performance, though one of the insurance policies and other benefits were not assignable or transferable under federal law and regulations, since plaintiff gave up her right to alimony in exchange for the benefits set out in the consent judgment, and defendant made no effort to determine if federal law or regulations would not permit performance.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 12 March 1979 in Superior Court, ORANGE County. Heard in the Court of Appeals 27 February 1980.

Plaintiff seeks to recover damages for breach of Consent Judgment wherein defendant promised to convey ownership of certain insurance policies to plaintiff and to make plaintiff an "irrevocable beneficiary" of certain United States Army and Civil Service Survivor Benefit Plans.

In his answer defendant pled a good faith effort to perform under the terms of the Consent Judgment but that performance was impossible because of the rules and regulations promulgated by the Veterans Administration, the Civil Service System and other pertinent organizations.

In 1975 plaintiff filed action in the District Court of Orange County against her husband of 32 years, the defendant herein, for temporary and permanent alimony. A settlement was reached and a Consent Judgment was entered on 1 December 1975 which provided in pertinent part as follows:

"b. Transfer to Plaintiff his interest in the following Life insurance policies, so that the Plaintiff will be the owner of said policies. Hereafter Defendant shall not be responsible for the payment of any premiums on said policies.

(1) Southern Life Insurance Company, Policy No. B126400, insuring the life of Ann Arnot Hazard in the principal amount of $10,000.

(2) Southern Life Insurance Company, Policy No. B126399, insuring the life of Alan Fred Hazard, in the face amount of $10,000.

(3) The United States of America National Service Life Insurance, Policy No. V16634578, insuring the life of Fred Hazard in the face amount of $10,000.

(4) AVEMCO Insurance Company, Policy No. 203793, insuring the life of Fred Hazard in the face amount of $20,000.

(5) Federal Employer's Group Life Insurance Program, Certificate—Regular Insurance, insuring the life of Fred Hazard, employee, in such amounts as are applicable under the Group Policy, which provides the insurance referred to in the individual certificate.

c. That Fred Hazard shall name Margaret C. Hazard as irrevocable beneficiary to all Survivor's Benefits or Annuities under the following plans:

(1) The United States Civil Service Retirement System.

(2) Survivor's Benefit Plan, Department of the Army."

In August 1976 defendant filed an action for absolute divorce on grounds of one-year separation. Plaintiff sought unsuccessfully to contest the divorce due to defendant's failure to perform under the Consent Judgment. *See Hazard v. Hazard,* 35 N.C. App. 668, 242 S.E. 2d 196 (1978).

At trial without jury the evidence tended to show, and the trial court found, that when the Consent Judgment was entered on 1 December 1975 neither party was aware that the National Service Life Insurance policy, the Federal Employer's Group Life Insurance Program, the Survivor's Benefits of the U.S. Civil Service Retirement System, and the Survivor Benefit Plan, Department of the Army, were not assignable or transferable under federal law and regulations, and defendant-husband had made no effort to determine whether he could carry out the terms of Paragraphs 1b and 1c of the Judgment.

The trial court concluded that there was a breach of the contract resulting from defendant's inability to perform, and that plaintiff is entitled to be restored to her original position, and this position must be measured by the value of the interests which the defendant agreed to transfer to the plaintiff, as they existed at the time of the Judgment. The trial court determined the value of these interests and entered judgment for plaintiff for the sums so determined.

*Manning, Jackson, Osborn & Frankstone by David R. Frankstone and Frank B. Jackson for plaintiff appellee.*

*John A. Northern for defendant appellant.*

CLARK, Judge.

The defendant makes two arguments: First, that the contract was illegal and therefore unenforceable, and, second, that defendant is excused by impossibility of performance. We find neither argument convincing.

[1]  It does not appear that defendant's illegal contract argument is properly before this Court on appeal because illegality was not pled as an affirmative defense, G.S. 1A-1, Rule 8(c), and there was no exception to the conclusion of the trial court that "[a]s between the parties [the judgment] was a contract. . . ." Rule 10(a), N.C. Rules of Appellate Procedure. Nevertheless, it is clear that the consent judgment was not an illegal and unenforceable contract. The contract was not immoral, or criminal in itself, or contrary to public policy, but merely provided for the assignment or transfer of a right or benefit which federal law or regulation would not recognize. *See, Marriott Financial Services, Inc. v. Capitol Funds,* 288 N.C. 122, 217 S.E. 2d 551, 77 A.L.R. 3d 1036 (1975); 17 C.J.S. *Contracts* § 190 (1963).

[2]  Next, the defendant relies on the doctrine of impossibility of performance. We find his reliance misplaced. The defendant made a promise to transfer and assign to the plaintiff certain rights and benefits; he made no effort to determine if federal law or regulation would not permit performance. Plaintiff has executed her promise and given up a valuable right to alimony, a right which has been extirpated by divorce. Now defendant argues that the impossibility existed at the time the contract was made and made the contract unenforceable. There is authority to support this general principle of contract law. See 17A C.J.S. *Contracts* § 462 (1963); 17 Am. Jur. 2d *Contracts* § 404 (1964); Corbin on Contracts § 1326 (1962). We do not, however, find that this general principle applies to the case *sub judice.*

"A promisor should not be excused from responding in damages for breach of contract on the ground of impossibility of performance due to a mistake in a situation, where due to his own negligence, he had failed to discover at the time of entering into the contract the nonexistence of the fact or thing which made performance by him impossible." *In re Zellmer,* 1 Wis. 2d 46, 82 N.W. 2d 891, 894 (1957).

In *Lane v. Coe,* 262 N.C. 8, 136 S.E. 2d 269 (1964), defendant promised performance knowing that his ability to perform would depend on the cooperation of a third party. Subsequently, the third party refused to cooperate and defendant's performance became impossible. It was held that defendant could not avail himself of the defense of impossibility of performance. Similarly,

in *Helms v. Investment Co.*, 19 N.C. App. 5, 198 S.E. 2d 79 (1973), the plaintiffs purchased a tract of land upon the warranty of defendant that water and sewer facilities would be made available within six months. The governing authorities of the City of Charlotte and Mecklenburg County prohibited the installation of the facilities because of pollution problems. The trial court granted summary judgment for plaintiffs on the issue of liability. This Court held that the defendant under the terms of its guaranty to the plaintiffs assumed the risk that the governing authorities might interpose objections, and defendant was liable to the plaintiffs for any damages sustained by their failure to perform the contract, citing 17 Am. Jur. 2d *Contracts* §§ 418, 419, 423 and 17A C.J.S. *Contracts* § 463(1). *See also*, 17 Am. Jur. 2d *Contracts* §§ 406, 407 (1963).

The promise made by plaintiff has been executed and her marital rights cannot be restored. The value of her rights has been established by the parties *inter se* as equal to the market value of the benefits defendant agreed to confer on her. Since defendant could not confer these benefits he must respond in damages, damages based on the fair market value of the benefits. The trial court so determined. The amount awarded was not contested or argued on appeal.

The judgment is

Affirmed.

Judges MARTIN (Robert M.) and ERWIN concur.