ROGER D. MESSER, ET AL. v. LAUREL HILL ASSOCIATES

WILLIAM L. HUNT, ET AL. v. GEORGE L. EDWARDS, JR., ET AL.

No. 9015SC741

(Filed 19 March 1991)

1. **Rules of Civil Procedure § 56.2 (NCI3d)— untimely summary judgment motion—only issues raised by timely movant's motion considered**

    The trial court may only grant summary judgment for an untimely movant on issues raised by the timely movant's summary judgment motion; therefore, because plaintiffs' summary judgment motion in this breach of contract action went only to liability, the trial court had the power to render summary judgment for defendants with respect to liability, notwithstanding the procedural defects in defendants' summary judgment motion.

    **Am Jur 2d, Summary Judgment §§ 5, 12, 16, 17.**

MESSER v. LAUREL HILL ASSOCIATES

[102 N.C. App. 307 (1991)]

2. **Contracts § 87 (NCI4th) — breach of contract to construct street — impossibility of performance — insufficiency of evidence — risk of impossibility assumed by defendants**

In an action for breach of contract to construct a street, there was no merit to defendants' contention that they were entitled to summary judgment on the liability issue because their performance under the parties' agreement was rendered impossible by conditions imposed upon them by the town manager, since in the parties' original contract in 1983, defendants agreed to build Bayberry Drive according to Chapel Hill standards; in 1984 the town council adopted a plan to build Laurel Hill Parkway; in 1985 defendants modified the original agreement to build Bayberry Drive using the same unqualified language, but extending the final date of completion; because the precise location for the parkway had not been chosen at the time of the 1985 agreement, the possibility that the parkway may have prevented the construction of Bayberry Drive as agreed might reasonably have been anticipated by defendants; defendants did not show that their alleged inability to construct Bayberry Drive because of the location of the parkway was not reasonably foreseeable; and the unqualified contractual language tended to show that defendants assumed the risk that the parkway could prevent performance of the contract.

Am Jur 2d, Building and Construction Contracts § 61; Contracts §§ 678, 679, 684.

Modern status of the rules regarding impossibility of performance as defense in action for breach of contract. 84 ALR2d 12.

3. **Appeal and Error § 118 (NCI4th) — appeal from denial of partial summary judgment motion — interlocutory appeal**

Plaintiffs' appeal of the denial of its partial summary judgment motion is dismissed because the denial of a motion for summary judgment is a non-appealable interlocutory order.

Am Jur 2d, Appeal and Error § 104.

Reviewability of order denying motion for summary judgment. 15 ALR3d 899.

MESSER v. LAUREL HILL ASSOCIATES

[102 N.C. App. 307 (1991)]

APPEAL by plaintiffs from judgment filed 22 March 1990 in ORANGE County Superior Court by *Judge D. B. Herring, Jr.* Heard in the Court of Appeals 12 December 1990.

*Lyman & Ash, by Cletus P. Lyman and Robert H. Smith, for plaintiff-appellants.*

*Moore & Van Allen, by Laura B. Luger and Kevin M. Capalbo, for defendant-appellees.*

GREENE, Judge.

The plaintiffs appeal the final judgment filed 22 March 1990 in which the trial court allowed the defendants' motion for summary judgment and denied the plaintiffs' motion for summary judgment.

This Court has previously stated the facts of this case. *See Messer v. Laurel Hill Assocs.*, 93 N.C. App. 439, 440-43, 378 S.E.2d 220, 221-22 (1989). Therefore, we relate only those facts needed to resolve the issues raised in this appeal.

On 22 September 1983, the plaintiffs sold Laurel Hill IV and V to the defendants. As part of the consideration running to the plaintiffs, the defendants promised to "build to Chapel Hill standards . . . Bayberry Drive (from Arboretum Drive to . . . [Rhododendron] Drive and to the eastern boundary of Laurel Hill IV) . . . by December 30, 1985." As of 22 September 1983, the plaintiffs had obtained pre-approval of a preliminary subdivision plat for Laurel Hill IV which would have allowed Bayberry Drive to be built according to the terms of the parties' agreement. The defendants never filed the required application for a final plat approval.

In September of 1984, the Chapel Hill Town Council adopted a thoroughfare plan which proposed a thoroughfare to be known as the Laurel Hill Parkway but which did not specify its precise location. In May of 1985, before the time for performance under the original agreement had expired, the parties agreed to extend the final date of completion for Bayberry Drive. Under the modification, the defendants again agreed to "build to Chapel Hill standards Bayberry Drive from Arboretum Drive to . . . [Rhododendron] Drive and to the eastern boundary of Laurel Hill IV by December 1, 1987."

At sometime before 5 December 1985, the defendants sought reapproval of the preliminary subdivision plat for Laurel Hill IV. By letter dated 5 December 1985, the Chapel Hill Town Manager

informed the defendants that the preliminary plat did not require reapproval. However, because of the planned parkway, two new conditions were added to the preliminary plat reapproval. According to the Planning Director of Chapel Hill, "After December 5, 1985, Town approvals would no longer permit the construction of Bayberry Extension along the exact alignment originally permitted by the Town." The defendants had until December of 1986 to apply for a final plat approval. They never filed for such approval, and their preliminary plat reapproval lapsed.

Because the defendants did not complete Bayberry Drive by the 1 December 1987 deadline, the plaintiffs sued the defendants for breach of contract. The defendants admitted that the road had not been completed, but argued impossibility of performance as a defense. On 9 March 1990, the plaintiffs filed a motion for partial summary judgment under N.C.G.S. § 1A-1, Rule 56 on the issue of the defendants' liability for their failure to perform according to the parties' contract. The motion was scheduled to be heard on 19 March 1990, the first day of trial. On 16 March 1990, the defendants filed a motion for summary judgment on liability and damages and an application for an order to shorten the time for service of their motion upon the plaintiffs. The defendants wanted their motion heard on 19 March 1990. On 19 March 1990, the trial court heard arguments on the summary judgment motions, denied the plaintiffs' motion, and granted the defendants' motion for summary judgment.

---

The issue presented by this appeal is whether the trial court erred in entering summary judgment for the defendants on the issue of liability where the evidence tends to show that the defendants assumed the risk of the governmental action.

[1] In relevant part, N.C.G.S. § 1A-1, Rule 56(c) provides a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing." "Failure to comply with this *mandatory* 10 day notice requirement will ordinarily result in reversal of summary judgment obtained by the party violating the rule." *Zimmerman's Dep't Store v. Shipper's Freight Lines*, 67 N.C. App. 556, 557-58, 313 S.E.2d 252, 253 (1984) (emphasis added). However, noncompliance with Rule 56(c) may be waived by the person entitled to the notice. *Zimmerman's*, 67 N.C. App. at 558, 313 S.E.2d at 253. The person entitled to such notice waives it when he par-

ticipates in the hearing but does not object to the improper notice. *Westover Prods., Inc. v. Gateway Roofing, Inc.*, 94 N.C. App. 163, 166, 380 S.E.2d 375, 377 (1989). Furthermore, when an initial movant makes a timely summary judgment motion and then another movant makes an untimely summary judgment motion and the trial court grants summary judgment for the untimely movant, our appellate courts will not disturb on the ground of untimeliness the trial court's grant of the untimely movant's summary judgment motion. *Greenway v. North Carolina Farm Bureau Mut. Ins. Co.*, 35 N.C. App. 308, 314-15, 241 S.E.2d 339, 343 (1978). This is so because the timely movant's summary judgment motion triggers the evaluation which leads to the trial court's grant of the untimely movant's summary judgment motion. *Id.* at 315, 241 S.E.2d at 343. However, the extent of the trial court's power to grant summary judgment for an untimely movant based upon a timely movant's summary judgment motion necessarily depends upon the timely movant's summary judgment motion. Accordingly, the trial court may only grant summary judgment for an untimely movant on the issues raised by the timely movant's summary judgment motion.

Here, the defendants gave notice on 16 March 1990, and their summary judgment motion was to be heard on 19 March 1990. Therefore, they did not meet Rule 56(c)'s 10-day notice requirement. Because the plaintiffs' summary judgment motion went only to liability, the trial court had the power to render summary judgment for the defendants with respect to liability notwithstanding the procedural defects in the defendants' summary judgment motion.

[2] The defendants argue that they are entitled to summary judgment on the liability issue because their performance under the parties' agreement was rendered impossible by conditions imposed upon them by the town manager. The burden was on the defendants on this issue.

Whether governmental action will excuse a party from liability for nonperformance of a contract is a legal question for the court. *Helms v. B & L Inv. Co.*, 19 N.C. App. 5, 7, 198 S.E.2d 79, 81 (1973). Generally, such nonperformance will be excused " 'where performance is rendered impossible by the law, provided the promisor is not at fault and has not assumed the risk of performing, whether impossible or not . . . .' " *Id.* (citation omitted). To meet their burden on summary judgment, the defendants were required to "prove each element of the defense. Thus, it is not enough

to establish that performance became impossible in the legal sense. Rather, it must also be shown that the party had not assumed the risk of the event that occurred. Moreover, in most cases it must be shown that the event was not reasonably foreseeable." 17A Am. Jur. 2d *Contracts* § 674 (1991). This is true because the " 'terms of a contract may be such that, expressly or by construction, one of the parties assumes the risk of subsequent governmental interference preventing his performance of his undertaking.' " *Helms*, 19 N.C. App. at 8, 198 S.E.2d at 81 (citation omitted). Furthermore, "where the event which causes the impossibility was or might have been anticipated and guarded against in the contract, an unqualified undertaking is to be construed as an absolute contract binding the promisor to perform things which subsequently become impossible or to pay damages for the nonperformance. . . ." 17A Am. Jur. 2d *Contracts* § 678 (1991).

Here, the defendants did not meet their burden of showing the existence of the defense. In the parties' original contract, the defendants agreed to build Bayberry Drive according to Chapel Hill standards. In 1984, the Town Council adopted the plan for the Laurel Hill Parkway. In 1985, the defendants modified the original agreement using the same unqualified language. Because the precise location for the parkway had not been chosen at the time of the 1985 agreement, the possibility that the parkway may have prevented the construction of Bayberry Drive as agreed might reasonably have been anticipated by the defendants. The defendants therefore have not shown that their alleged inability to construct Bayberry Drive because of the location of the parkway was not reasonably foreseeable. Furthermore, the unqualified contractual language tends to show that the defendants assumed the risk that the parkway could prevent performance of the contract. Therefore, on the evidence presented, the defendants did not meet their burden on summary judgment. Accordingly, summary judgment for the defendants was error.

[3] Furthermore, the plaintiffs' appeal of the denial of its partial summary judgment motion is dismissed because "the denial of a motion for summary judgment is a non-appealable interlocutory order." *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 758, 325 S.E.2d 223, 230 (1985); *see also Coleman v. Interstate Cas. Ins. Co.*, 84 N.C. App. 268, 270, 352 S.E.2d 249, 251 (1987) (grant of partial summary judgment on liability not immediately appealable). Because

of our decision, we need not address the remaining issues argued in the briefs.

Dismissed in part, reversed in part, and remanded.

Judges PARKER and COZORT concur.