## UNCC PROPERTIES, INC. v. ROBERT D. GREEN AND JAMES E. GREEN

No. 9225SC457

(Filed 3 August 1993)

**1. Evidence and Witnesses § 1099 (NCI4th)— answer in prior hearing—no admission in subsequent hearing**

Defendants' answer in a condemnation proceeding admitting that plaintiff had an easement in their property, which was incorporated in their answer in a subsequent action, did not constitute an admission that was conclusive in the subsequent action, since the incorporation of the prior answer was an evidential admission and was merely evidence of the existence of an easement.

**Am Jur 2d, Evidence §§ 480, 687.**

**Admissibility of pleading as evidence against pleader, on behalf of stranger to proceedings in which pleading was filed. 63 ALR2d 412.**

2. **Easements § 9 (NCI4th) — agreement not under seal — easement not created**

An agreement not under seal cannot create an easement, since an easement is an interest in land, and a seal is absolutely essential to the validity of an instrument to convey legal title to interests in land in North Carolina.

**Am Jur 2d, Easements and Licenses § 22.**

3. **Easements § 9 (NCI4th) — agreement not under seal — contract to convey easement — validity**

The parties' agreement which was not under seal was nevertheless effective as a contract to convey an easement.

**Am Jur 2d, Easements and Licenses § 22.** ·

4. **Contracts § 82 (NCI4th) — contract to convey easement — property condemned — impossibility of performance**

Even if the parties' agreement constituted a contract to convey an easement, the undisputed facts of the case established that it was impossible for defendants to perform the contract, since defendants agreed only that plaintiff should have access to and parking on the tract of land sold; defendants did not assume the risk of subsequent governmental interference; there was no evidence that either party was aware that the county planned to condemn the subject property; it was not reasonably foreseeable to either party that the county would exercise its power of eminent domain over the property; and the filing of notice of condemnation effected a transfer of title which made it impossible for defendants to convey an easement to the subject property, thus discharging the contract to convey.

**Am Jur 2d, Contracts §§ 355 et seq., 673.**

**Modern status of the rules regarding impossibility of performance as defense in action for breach of contract. 84 ALR2d 12.**

Appeal by defendants from order of partial summary judgment entered 22 November 1991, by Judge Chase B. Saunders in Catawba

County Superior Court and from judgment entered 6 March 1992, by Judge Forrest A. Ferrell in Catawba County Superior Court. Heard in the Court of Appeals 13 April 1993.

On 7 September 1990, plaintiff instituted this action alleging that defendants had breached their contractual agreement with plaintiff by failing to convey or provide certain easements to plaintiff. In their answer, defendants denied the existence of an easement, asserted that any contractual duties were discharged by the doctrine of impossibility, and argued that plaintiff was estopped from recovering from them. They incorporated by reference the appellee's motion to quash and their motion in the cause made in the condemnation action.

After extensive discovery, both parties moved for summary judgment. The trial court granted plaintiff's motion for partial summary judgment as to the issue of liability and denied defendants' motion.

The issue of damages was then tried before a jury which awarded damages to plaintiff in the amount of $70,000.00. Defendants appeal.

*Martin & Monroe Pannell, P.A., by Martin Pannell, for plaintiff.*

*Byrd, Byrd, Ervin, Whisnant, McMahon & Ervin, P.A., by Robert C. Ervin, and Rayburn, Moon & Smith, P.A., by Matthew R. Joyner, for defendants.*

McCRODDEN, Judge.

Defendants assign error both to the denial of their motion for summary judgment and to the entry of partial summary judgment for appellee. Upon a motion for summary judgment, the trial court must decide whether there is any issue of material fact and whether any party is entitled to judgment as a matter of law. *Brenner v. School House, Ltd.*, 302 N.C. 207, 216, 274 S.E.2d 206, 212 (1981); N.C. Gen. Stat. § 1A-1, Rule 52(c) (1991). Since the material facts of this case are not in dispute, our review focuses on whether the trial court erred in its conclusion concerning who was entitled to judgment as a matter of law. That, in turn, requires that we consider four issues: (I) whether defendant's answer in a condemnation hearing, when incorporated in a subsequent action, constitutes an admission that is conclusive in the subsequent action; (II) whether an agreement not under seal can create an easement; (III) if II

is answered in the negative, whether an agreement not under seal is effective as a contract to convey an easement; and (IV) if so, whether impossibility of performance is a valid defense.

The facts in this case are as follows. On 13 April 1987, defendants entered into an offer to purchase and contract with plaintiff, according to which plaintiff was to sell a 7.6 acre tract of land between Highways 29 and 49 in Mecklenburg County for $700,000.00. On 20 July 1987, defendants and plaintiff entered into another contract, whereby defendants were to sell 6.5 acres of the original 7.6 acre tract back to plaintiff for $825,000.00.

Under the terms of the second contract defendants were to retain a portion of the tract that fronted on Highway 29 and adjoined the portion to be sold to plaintiff. The agreement recited that plaintiff was aware that defendants planned to erect a Burger King restaurant on the site they retained. Further, the contract provided that plaintiff would allow defendants to put a sign on that portion of plaintiff's property that faced Highway 49. In addition, the contract provided that "Purchaser (plaintiff) and Seller (defendants) agree that both parties shall have access and parking throughout the entire development."

At the closing on 9 September 1987, the parties executed a deed containing the following provision:

> The Grantors, for themselves and their assigns, hereby reserve a right of ingress and egress from property owned by the Grantors joining Grantee at the northwestern portion of the property to Highway 49 (University City Boulevard).

The deed included no other provisions relating to access. It was subsequently recorded in the office of the Register of Deeds in Mecklenburg County.

In addition to the deed, defendants signed an untitled agreement (the Agreement) that stated:

> The undersigned agree that UNCC Properties, Inc., its successors and assigns, shall have the non-exclusive right of access and parking upon the property of the undersigned located at the northwest corner of the property conveyed to UNCC Properties, Inc., this ninth day of September, 1987.

On 29 March 1989, Mecklenburg County issued a Notice of Intent to Institute Condemnation to defendants and on 2 May 1989,

commenced a condemnation action against the defendants in relation to the property defendants retained on Highway 29. Defendants filed an answer to the action in which they asserted, *inter alia*, that "UNCC Properties, Inc. has an access and parking easement to the tract." Subsequently, however, defendants made a motion in the cause in which they asserted that, on information and belief, plaintiff, which held an unrecorded easement, would not be affected by a settlement in the action because the easement was null and void as against Mecklenburg County. Plaintiff, responding to a motion by defendants, filed a motion to quash in the case, asserting that it was not a proper party to the action. In an order filed 27 June 1990, Judge Samuel Wilson found that the Agreement between plaintiff and defendants had not been recorded at the time Mecklenburg County instituted its condemnation proceeding. On this basis, he concluded that the agreement was a nullity as between defendants and Mecklenburg County.

Defendants and Mecklenburg County eventually settled the condemnation proceeding for $400,000.

I.

[1] The first question we address is whether defendants' answer, which admitted that plaintiff had an easement in the condemnation proceeding and which was incorporated in their answer in this action, constitutes an admission that is conclusive in the action before us. We hold that it is not, and we reverse the trial court's grant of partial summary judgment for the plaintiff.

There are two kinds of admissions which appear in pleadings. The first kind is a judicial admission, which is an admission made in the final pleadings and which serves to define the issues for trial. 2 H. Brandis, *Brandis on North Carolina Evidence* § 177 (1982). Judicial admissions are conclusive, and the trial court may not accept evidence to refute them. *Id.* § 166.

The second type of admissions in pleadings is evidential admissions. Evidential admissions, "while not defining issues in the case being litigated, nevertheless reflect something which a party has once said . . . ." *Id.* § 177. Evidential admissions include "pleadings in another case offered against the pleader as a party in the case being litigated." *Id.* However, they are not conclusive, but may be controverted or may be explained on the ground of inadvertence or mistake of counsel or otherwise. *Id.*

We believe that the admission in the condemnation action is of the second type. The denial of the existence of the easement as the first defense in the answer in this case is the pleading that serves to define the issue at trial. The incorporation of the answer from the prior proceeding appears only in the appellants' third defense, that of estoppel. We find that the incorporation of the prior answer was an evidential admission and was merely evidence of the existence of an easement.

Similarly, appellee's motion to quash in the condemnation case is an evidential admission that appellee did not have an interest in the property. The trial court could review evidence of the admissions of both parties to determine whether there was an easement.

## II.

[2] Defendants' next contention is that the trial court should have granted summary judgment in their favor because the Agreement, which was not under seal, did not create an easement. We agree that the Agreement did not create an easement.

An easement is an interest in land. A seal is absolutely essential to the validity of an instrument to convey legal title to interests in land in North Carolina. *Williams v. Board of Education*, 284 N.C. 588, 594, 201 S.E.2d 889, 893 (1974). *See also* James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* §§ 197, 311, 344 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 3d ed. 1988). To hold, as plaintiff urges, that an agreement not under seal may be interpreted as conveying an easement if that were the parties' intention, would totally vitiate the ancient requirement of a seal.

## III.

[3] Under principles enunciated in *Dunn v. Dunn*, 242 N.C. 234, 87 S.E.2d 308 (1955), however, we conclude that the Agreement in this case may be interpreted as a *contract* to convey an interest in land. In *Dunn*, upon the death of the grandmother of one of the defendants, a tract of land passed to him and other descendants as tenants in common. Because defendant had cared for the grandmother in the later years of her life, the tenants in common executed a deed for the property to him. The deed, however, was not under seal. When former tenants in common sued to have the deed declared void, the defendants asserted that even though the instrument was not under seal, it was a contract to convey,

enforceable by specific performance. The Supreme Court, finding that there appeared to be consideration for the transfer, agreed and reversed the trial court's striking of this defense.

We follow *Dunn* and hold that, in the instant case, the Agreement was a contract to convey an easement.

## IV.

[4] Plaintiff, however, cannot prevail on the basis that the Agreement constituted a contract to convey an easement, because the undisputed facts of this case establish that it was impossible for the defendants to perform the contract. For nonperformance of an executory contract to be excused under the doctrine of impossibility, a party must show that his "performance is rendered impossible by the law, provided the promisor is not at fault and has not assumed the risk of performing whether impossible or not . . . . Moreover, in most cases it must be shown that the event was not reasonably foreseeable." *Messer v. Laurel Hill Associates*, 102 N.C. App. 307, 311-12, 401 S.E.2d 843, 846 (1991) (citations omitted). Government actions, such as condemnation, may be a basis for a finding of legal impossibility. Restatement (Second) of Contracts, § 264, Illustration A (1981).

We reject plaintiff's argument that defendants made an unqualified promise and assumed the risk of governmental interference. *Helms v. Investment Co.*, 19 N.C. App. 5, 198 S.E.2d 79 (1973), cited by plaintiff, is inapposite. In that case, the defendants sold the plaintiffs a tract of land and made "an unqualified guaranty" that they would extend water and sewer lines to the property within six months. When the county denied them permission to extend the lines and plaintiff sued for breach, defendants asserted the defense of impossibility. The Court stated that the "terms of a contract may be such that, expressly or by construction, one of the parties assumes the risk of subsequent governmental interference preventing his performance of his undertaking." *Id.* at 8, 198 S.E.2d at 81 (citation omitted). The Court found that the defendants had assumed the risk of subsequent governmental interference when they signed the guaranty and were liable for damages.

This case is easily distinguishable from *Helms* and other cases in which it has been found that the defendant assumed the risk of the frustrating event. In each of the other cases, there were

provisions in the contract clearly showing that the parties had anticipated a possible frustrating event and had allocated the risk. *Messer*, 102 N.C. App. at 312, 401 S.E.2d at 846; *Fraver v. N.C. Farm Bureau Ins. Co.*, 69 N.C. App. 733, 738, 318 S.E.2d 340, 343, *disc. review denied*, 312 N.C. 492, 322 S.E.2d 555 (1984); *Brenner*, 302 N.C. at 212, 274 S.E.2d at 210. In the instant situation, there was no such express assumption of the risk. Defendants agreed only that plaintiff should have access to and parking on the tract of land sold. In this case, we find that defendants did not assume the risk of subsequent governmental interference.

There is no evidence that either party was aware that Mecklenburg County planned to condemn the subject property, and it was not reasonably foreseeable to either party that the county would exercise its power of eminent domain over this property. Under N.C. Gen. Stat. § 40A-42(a) (1984), the filing of notice of condemnation on 2 May 1989, effected a transfer of title of the property to Mecklenburg County. At this time, therefore, it became impossible for defendants to convey an easement to the subject property and the contract to convey was discharged. Restatement (Second) of Contracts, §§ 261, 264 (1981).

Based upon the foregoing, we vacate the partial summary judgment in favor of plaintiff and the subsequent judgment entered by the jury and remand for entry of summary judgment in favor of defendants.

Judges JOHNSON and ORR concur.