STATE OF NORTH CAROLINA, O/B/O JULIE GILBERT RAINES v. RUSSELL PAUL GILBERT

No. 9411DC241 .

(Filed 15 November 1994)

**Adoption or Placement for Adoption § 2 (NCI4th)— child support arrearages forgiven in exchange for adopting child— agreement contrary to public policy—no estoppel to collect arrearages**

A mother cannot be equitably estopped to collect child support arrearages due pursuant to a child support order on the basis that she agreed to forgive those arrearages in exchange for the obligor father's consent to allow the mother's husband to adopt the child who was the subject of the support order, since such arrangement involves the giving and receiving of consideration for the placement of the child for adoption, and the agreement is thus void as being contrary to the public policy of North Carolina. N.C.G.S. § 48-37.

**Am Jur 2d, Adoption § 14.**

STATE EX REL. RAINES v. GILBERT

[117 N.C. App. 129 (1994)]

Appeal by State from order entered 26 October 1993 in Harnett County District Court by Judge Frank Lanier. Heard in the Court of Appeals 21 October 1994.

*Attorney General Michael F. Easley, by Assistant Attorney General T. Byron Smith, for the State.*

*Rosemary Godwin for respondent-appellee.*

GREENE, Judge.

The State of North Carolina (Petitioner), on behalf of Julie Gilbert Raines (the Mother), appeals the trial court's order concluding that the Mother is equitably estopped from collecting the full amount of child support arrearages due from Russell Paul Gilbert (the Father).

The evidence shows that the Mother and the Father were married in Alabama on 28 May 1987, after which the Father signed papers claiming paternity and legitimating the Mother's daughter, Devin Nichole Gilbert (the child), who was born on 23 February 1987. The Mother and the Father divorced in Alabama on 27 March 1990, whereby the Mother was granted custody of the child and the Father was ordered, by the Alabama courts, to pay child support in the amount of $228 per month. The Father made some child support payments in the beginning, but has made no child support payments since June of 1991.

The Father has been living in North Carolina since 1992, while the Mother and the child continue to live in Alabama. On 21 April 1993 a Uniform Reciprocal Enforcement of Support Act (URESA) petition was filed in Harnett County seeking past due child support payments, in the amount of $5,143.73 plus interest of $638.77 (amended at trial to $7,423.74), pursuant to the Alabama order. Sometime after that petition was filed, but before the hearing on the matter, the Father went to Alabama to discuss the possibility of settlement with the Mother. The parties agreed that the Mother would drop the child support arrearage action and accept $2,000, in lieu of the total amount, in exchange for the Father's consent to the child's adoption by the Mother's new husband. The Father signed the necessary consent forms, and the child was adopted by the Mother's new husband on 16 August 1993. The hearing on the child support arrearages was held in the Harnett County District Court on 26 October 1993, and the trial court concluded that the Mother was equitably estopped from collecting

any more than $2,000 from Respondent based on their previous agreement and that the agreement was not void as against public policy.

---

The issue on appeal is whether a mother can be equitably estopped to collect child support arrearages due pursuant to a child support order on the basis that she agreed to forgive those arrearages in exchange for the obligor father's consent to allow the mother's husband to adopt the child who is the subject of the child support order.

The Petitioner first argues that the order of the trial court must be reversed because it reduced a vested past due child support payment inconsistent with the provisions of N.C. Gen. Stat. § 50-13.10. Without addressing this argument and assuming that the order of the trial court does not violate Section 50-13.10, we do agree with the second argument of the Petitioner, that the public policy of this State would be violated if the Father is allowed to release his parental interest in his child in exchange for a waiver of past due child support payments.

A person who gives or receives *any consideration* for "receiving or placing, arranging the placement of, or assisting in placing or arranging the placement of, any child for adoption" is guilty of a misdemeanor, N.C.G.S. § 48-37 (1991), and acts contrary to the public policy of North Carolina. *In re Adoption of P.E.P.*, 329 N.C. 692, 703, 407 S.E.2d 505, 511 (1991). Agreements that are "contrary to public policy" are void, *Hazard v. Hazard*, 46 N.C. App. 280, 283, 264 S.E.2d 908, 910, *cert. denied*, 301 N.C. 89, —— S.E.2d —— (1980), *cert. denied*, 449 U.S. 1083, 66 L. Ed. 2d 807 (1981), and therefore cannot be used to support the doctrine of equitable estoppel. 28 Am. Jur. 2d, *Estoppel and Waiver* § 28, at 631 (1966); *see also Porth v. Porth*, 3 N.C. App. 485, 492, 165 S.E.2d 508, 514 (1969) (North Carolina recognizes the principle of law and equity that no man can profit from his own wrong or crime).

In this case, the trial court concluded that the Mother was equitably estopped from collecting the child support arrearages. The sole basis for the estoppel was that the Mother had promised she would "not pursue the action for child support arrears" in exchange for the Father's consent to the adoption. This agreement violates N.C. Gen. Stat. § 48-37 in that both the Mother and the Father gave and received consideration for the placement of the child for adoption. Thus the agreement is void as being contrary to the public policy of North Carolina and cannot therefore be used in equity to estop the Mother from

enforcing her judgment for the full amount of the child support arrearages. *See Porth,* 3 N.C. App. at 492, 165 S.E.2d at 514.

We do not address, as it is not germane to this case, the question of what effect, if any, this opinion has on the validity of the Alabama adoption.

Reversed.

Judges WYNN and JOHN concur.